## MITCHELL v. REED.

Where A, the owner of property, represents that certain property in his possession belongs to B, and that representation coming to the ears of C, a creditor of B, who sues out an attachment against B, and seizes the property :   *Held*, that A is estopped from setting up a claim to the property.

Where the express declaration to a third party is not confidential, but general, and this is afterwards acted on by others, the party making the declaration is estopped.

The *intention* with which the declaration is made is not material, except, perhaps, when the communication is confidential.   It is the fact that the declaration has been acted upon by others, that constitutes the liability to them.   Nor does it make any difference whether the thing admitted was true or false.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The facts appear in the opinion of the Court.

*H. O. Beatty* for Appellant.

On the trial, the Court below instructed the jury, in effect, " that the representation of Mitchell justified McGrew in levying the attachment.   That, for the time being, Mitchell was estopped."   But the Court qualified this instruction by saying " unless Mitchell, or his agent, notified either McGrew or the officer, at the time of levy, under the attachment, and before the sale, under execution, that the property was his, in that case he would not be estopped, but would be entitled to recover the full value of the liquors."

The first part of this instruction is right.   The only question in this case is, whether the qualification above quoted is not erroneous.   We contend that it is.   Hester v. Hays, 3 Cal. Rep., 302.

*Cross & Marshall* for Respondent.

In the case of the Welland Canal Company v. Hathaway, 8 Wend., 433, the Court lays down the doctrine of estoppel *in pais.* That a party, as a general rule, will be concluded from denying

his acts or admissions, which were expressly designed to influ-ence the conduct of another, and did so influence it, and where such denial will operate to the injury of the latter.

A similar doctrine is found in the case of Truscott v. Davis, 4 Barb. Sup. Ct. R., 498.   See note A, 3 Johns. Cases, 103.

Estoppels are said to be odious, and not founded in law.   Jack-son v. Brinkerhoff, 3 Johns. Cases, 102.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The plaintiff was a merchant, engaged in the sale of groceries and liquors.   The business at the store was generally conducted by his clerk, D. H. Haskell.   On the trial, it was proven by two witnesses that plaintiff was a Son of Temperance, and that he repeatedly denied that he dealt in liquors, alleging that the liquors in the store were the property of Haskell, who sold them without plaintiff's consent.   These declarations of plaintiff com-ing to the ears of Wm. H. McGrew, a creditor of Haskell's, he sued out an attachment, and had the liquors attached and sold as the property of Haskell.   When the defendant, Reed, a consta-ble, levied the attachment upon the liquors, he was notified by Haskell, as the agent of Mitchell, that they were in fact Mitchell's property.   This suit was brought to recover the value of the goods sold.   The plaintiff had judgment in the Court below, and the defendant appealed.

The Court below instructed the jury, that if McGrew, by the representations of Mitchell concerning the liquors, was induced to levy the attachment upon them as the property of Haskell, then Mitchell would be estopped to claim them as his own, un-less he, by himself or agent, notified the officer that the liquors were the property of plaintiff; in which case, he would not be estopped.

It is insisted by the learned counsel of defendant that the lat-ter portion of the instrument was erroneous.   Conceding that McGrew was induced by the representations of Mitchell to bring his suit and levy his attachment upon the liquors as the property of Haskell, was Mitchell estopped to claim the property as his own ?

Professor Greenleaf, in his accurate work on Evidence, divides estoppels into two kinds, solemn and unsolemn admissions.   The latter are those " which have been acted upon, or have been made to influence the conduct of others, or to derive some ad-vantage to the party, and which cannot afterwards be denied, without a breach of good faith."   (Section 27.)   The rule is laid down by the author in section two hundred and seven, in this language :

" Admissions, whether of law or of fact, which have been *acted upon by others*, are conclusive against the party making

14

them, in all cases between him and the person whose conduct he has thus influenced. It is of no importance whether they were made in express language to the person himself, or implied from the open and general conduct of the party. For, in the latter case, the implied declaration may be considered as addressed to every one in particular, who may have occasion to act upon it."

If the "*implied declaration* may be considered as addressed to every one, in particular, who may have occasion to act upon it," we can see no reason why an *express* declaration to a third party may not be considered as equally addressed to others who afterwards act upon it. If the express declaration be confided to the third party as a confidential communication, then it might admit of some doubt. But where the express declaration to the third party is not confidential, but general, and this is afterwards acted upon by others, the party making the declaration should be estopped.

The particular *intention* with which the declaration, express or implied, was made, is not material, except, perhaps, when the communication is confidential. It is the fact that the declaration has been acted upon by others, that constitutes the liability to them. "It makes *no difference* in the operation of the rule, whether the thing admitted was *true* or *false*—it being the fact that it has been acted upon that renders it conclusive." "If it is a case of innocent mistake, still if it has been acted upon by another, it is conclusive in his favor." 1 Greenl. Ev., § 208, and note 4.

If McGrew was induced to bring his suit, and levy his attachment, in consequence of the declarations of Mitchell, then McGrew acted upon those declarations. And, after he incurred the expense of a suit he otherwise would not have brought, it was too late for Mitchell to object, unless Haskell had other property, known and accessible to McGrew, upon which he could have levied his writ. If McGrew had given credit to Haskell upon the faith of Mitchell's declarations, then it would be perfectly clear from reason and authority that the estoppel would be complete. The same principle applies to this case. There can be no difference, except as to the amount, in the two cases. The law will not look upon that question. The expense to which McGrew was put by the declaration of Mitchell may have been much less than the amount of his debt against Haskell; but still he was induced to incur this expense in consequence of Mitchell's declaration. If Mitchell is not holden, then McGrew must lose his costs and expenses.

The case of the First Presbyterian Congregation of Salem *v.* Williams, cited by Nelson, J., in Welland Canal Company *v.* Hathaway, 8 Wend., 483, is a case in point. There the plaintiffs were induced to bring an ejectment-suit by the false statement

of the defendant, and the latter was held to be estopped to set up an otherwise good defence against the action.

If parties choose to make untrue statements, by which others are injured, they should be estopped to unsay what they have before said. Estoppels, in general, are odious; but in mercantile and ordinary business transactions, where men must trust to appearances and the declarations of parties, because they have no *other* means of information in such cases, the Courts have been inclined to extend the list of estoppels. 2 Smith's Lead. C., 511, note.

Judgment reversed, and cause remanded.