[Civ. No. 15208. First Dist., Div. Two. June 25, 1952.]

Estate of HAZEL JACKSON, Deceased. GRACE PEIRSON et al., Appellants, v. RAMONA BARLOW, as Administratrix, etc., Respondent.

Dudley H. Nebeker and Andrew P. Costelli for Appellants.

Glickman, Orr & Heuring and David I. Wendel for Respondent.

NOURSE, P. J.—■ The question presented is—when a man and a woman cohabit without marriage, both knowing that a legal marriage is impossible, is the property acquired by them while so living together, title to which is taken as joint tenants, subject to distribution on the death of the survivor as community property under section 228 of the Probate Code. The answer is in the negative.

■ There was no putative marriage because both parties were fully aware that a marriage was impossible and that their cohabitation was illegal. Belief in good faith that a valid marriage existed is essential to create a putative marriage. (*Vallera* v. *Vallera*, 21 Cal.2d 681 [134 P.2d 761].)

■ There is no evidence that when the parties took title to the property in joint tenancy they did not fully understand what they were doing. Nor that there was any agreement between them at the time of title, or subsequently, that the property should be held as community, nor as otherwise than as stated in the document. When Willie Jackson died the property then vested in Hazel by right of survivorship—not by inheritance. For this reason, on the death of Hazel, the property vested in her heirs exclusive of the heirs of Willie Jackson and it should be distributed as her separate estate.

■ Section 228 of the Probate Code is confined to the interests of a "spouse," or "predeceased spouse." If there

has been no marriage there can be no "spouse," nor a "predeceased spouse."

■ Respondent relies heavily on the issue of estoppel. The primary elements of an estoppel are not present. Estoppel is based on reliance and injury. It is essential that one of the parties has made representations, or has done some act, which the other party has innocently relied on to his injury. Here it is conceded that both parties knew that the marriage relation was illicit. No misrepresentations and no acts of Hazel were relied on by Willie to his injury. He presumably entered into the relation willingly since the parties lived together for some 14 years, knowing that they could not contract a legal marriage. There is no evidence, and no reason to infer, that Willie derived less benefit from the relation than Hazel did. But in any event there is a total absence of facts supporting the plea of estoppel. See, generally, 19 American Jurisprudence, page 730; 31 Corpus Juris Secundum, page 236.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.