[Civ. No. 19385.    Second Dist., Div. Three.    Apr. 29, 1953.]

SAFWAY STEEL PRODUCTS, INC. (a Corporation), Appellant, v. WALTER C. LEFEVER et al., Defendants; LEFEVER AND BING et al., Respondents.

Brown & Brown for Appellant.

Thelen, Marrin, Johnson & Bridges and Robert G. Irvin for Respondents.

VALLÉE, J.—The complaint in this action alleged a breach of an oral contract for the rental of steel scaffolding for the construction of bridges. The first count alleged that defendants, Lefever and Bing, referred to as defendants, agreed to pay plaintiff $780 a month for the use of the scaffolding, that a total of $4,412 became due, of which $780 had been paid. The second count alleged that the reasonable rental value of the scaffolding was $4,412, of which $780 had been paid.

The court found there was no oral contract between plaintiff and defendants; that neither plaintiff nor defendants intended to enter into a contract for the rental of the scaffolding which the other contemplated, and that there was "no meeting of minds of the parties and no contract." The court also found that plaintiff quoted defendants a price of $390 for the use of scaffolding for each of two bridges; that in quoting the price plaintiff did not advise defendants that it was based on a monthly rental, but that plaintiff, "by his statements and conduct misled the defendants into believing that the steel scaffolding was to be rented for the job"; that defendants, believing the price to be $390 a bridge or $780 for the job, agreed to use the scaffolding; that plaintiff knew or should have known that defendants were proceeding on the belief that the scaffolding would cost $780 for the job; that defendants' belief was reasonable and they were not negligent; plaintiff was negligent in leading defendants to believe the full rental to be $780.

The judgment awarded plaintiff $60 for additional materials ordered by defendants which is not in dispute; it did not give plaintiff any other relief since defendants had paid plaintiff the $780.

Plaintiff contends that because the court found there was "no contract" it should have been awarded the reasonable rental value of the scaffolding. We do not agree.

The facts found established an estoppel. Section 1962(3) of the Code of Civil Procedure provides: "Whenever a party

has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it; . . ." ■ "In general, four things are essential to the application of the doctrine of equitable estoppel: first, the party to be estopped must be apprised of the facts; second, he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; third, the other party must be ignorant of the true state of facts; and fourth, he must rely upon the conduct to his injury." (10 Cal.Jur. 627, § 14.)

■ An estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. (*Benner* v. *Industrial Acc. Com.*, 26 Cal.2d 346, 349 [159 P.2d 24].)

■ Negligence, that is careless and culpable conduct, is, as a matter of law, equivalent to an intent to deceive and will satisfy the element of fraud necessary to an estoppel. (*Parke* v. *Franciscus*, 194 Cal. 284, 297 [228 P. 435].) ■ Where one of two innocent parties must suffer, he who committed the mistake must bear the loss. (*McGee* v. *Stone*, 9 Cal. 600, 607.) ■ The existence of an estoppel is a question of fact. (*Pike* v. *Rhinehart*, 112 Cal.App.2d 530, 533 [246 P.2d 963].)

■ Plaintiff, having negligently misled defendants into believing that the price for use of the scaffolding was $780 for the job, may not now say that it was $780 a month. (*Cf. Creighton* v. *Gregory*, 142 Cal. 34 [75 P. 569]; *Mitchell* v. *Reed*, 9 Cal. 204 [70 Am.Dec. 647].)

■ It is argued that defendants knew after they began use of the scaffolding that plaintiff expected to be paid on a monthly basis, but that they continued to use the scaffolding for the purpose of lying in wait for plaintiff and springing the point they had when the use terminated. The evidence on this issue was in conflict and the court's finding may not be disturbed on appeal.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.