[Civ. No. 20943.   Second Dist., Div. One.   Nov. 21, 1955.]

GUSTAVE J. ERDE, Appellant, v. THE CITY OF LOS ANGELES et al., Respondents.

Arthur Garrett for Appellant.

Roger Arnebergh, City Attorney, Gilmore Tillman, Chief Assistant City Attorney for Department of Water and Power, Wallace J. Manley and Desmond J. Bourke, Deputy City Attorneys, for Respondents.

NOURSE (Paul), J. pro tem.*—By his complaint in this action plaintiff sought to recover judgment for personal injuries which he alleged he sustained when struck by a glass light fixture which fell from an ornamental light standard maintained by defendant city.

The trial court granted defendants' motion for a judgment of nonsuit and from its order granting the motion plaintiff appeals.

The motion was granted upon the grounds that the plaintiff had failed to comply with provisions of section 53053 of the Government Code, in that the verified claim filed by him with the city clerk failed to state the date of the accident. While appellant, by his opening brief, poses four questions, the tenor of his argument is that the trial court erred in refusing plaintiff the right to amend his complaint so as to plead certain facts which he maintains show that the defendants are estopped to assert the invalidity of the claim for damages filed by the plaintiff, and erred in rejecting the plaintiff's offer to prove the facts alleged in the proffered amendment, and that the facts alleged and which he offered to prove would estop the defendants from asserting the validity of said claim.

The facts which are the basis of appellant's claims of error are:

On September 9, 1949, plaintiff, while working on a building project, was struck and injured by glass that fell from a light standard maintained by defendant city. Thereafter, appellant obtained from the city clerk forms printed by the

*Assigned by Chairman of Judicial Council.

city for the filing of claims against it. These forms were in triplicate; the first is on yellow paper and is entitled,

"Claim for Damages
Original for File";

the second copy is on orange paper and entitled,

"Claim for Damages
Duplicate for City Attorney";

the third copy is on white paper and entitled,

"Claim for Damages
Triplicate for Claimant."

Each copy contains the following question and directions:

"When did damage or injury occur? Give full particulars, date, time of day:_____."

Plaintiff, with the aid of some third person, filled in the forms with the exception of the answer to the question quoted above. On November 10, 1949, he took them to the office of the city clerk and signed and verified the original and duplicate and left them with the clerk. The clerk placed his filing stamp on the original and triplicate copies and stamped the duplicate "Received" with the date of receipt. The appellant took the triplicate, which was neither signed nor verified, with him.

On September 8, 1950, he filed his complaint in this action. In paragraph VI of the complaint he alleges that on November 10, 1949, he "served" a "claim for damages" on the city clerk in duplicate and that a true copy of the claim was attached to the complaint as Exhibit A. He attached as Exhibit A a copy of the unsigned, unverified triplicate copy which he had retained. The copy so attached to the complaint contained the following answer to the quoted question: "Sept 9th   9:45 A M."

Respondents, by their answer, admitted that an instrument, of which Exhibit A attached to the complaint was a true copy, was filed with the city clerk, but denied the remaining allegations of the paragraph. Early in the trial it was discovered that Exhibit A attached to the complaint was not a true copy of the original and duplicate filed by the plaintiff with the city clerk, and the defendants were permitted to amend their answer so as to enter a general and special denial of all allegations in paragraph VI of the complaint.

Plaintiff offered in evidence the unsigned and unverified triplicate copy of the form of claim which he had retained. The trial court sustained the defendants' objection that the copy was not the best evidence. The defendants offered in

evidence the original and duplicate of the claim for the limited purpose of showing what instruments were in fact filed by the plaintiff, and they were admitted over plaintiff's objection.

Appellant then asked leave to amend the complaint so as to allege certain facts which he asserts estopped the defendants from asserting the invalidity of the claim. The court refused to permit the amendment to be filed. The facts alleged in the proffered amendment are in substance:—

That on November 10, 1949, at the time that the plaintiff filed his claim with the clerk, the clerk advised plaintiff to fill in the date of the accident in longhand; that the plaintiff did this, and that the clerk then advised plaintiff that said claim was properly and completely filled out and that there was nothing further for plaintiff to do with respect to the claim or to complete the filing thereof; that the clerk then swore the plaintiff to the truthfulness of the claim and filled out the jurat on the verification and placed the stamp and seal of the clerk upon the claim; that said statements and acts were intentionally and deliberately done by the defendant (city) for the purpose of leading plaintiff to believe his claim was completely and properly filled out and that the plaintiff relied thereon. The plaintiff then offered to prove by his own testimony the facts alleged in the proffered amendment. Defendants' objections to the offer of proof were sustained.

Appellant contends that the provisions of section 53053 of the Government Code are procedural in character and that therefore the defendants may be estopped through the acts of their agents and officers from asserting the failure of claimant to substantially comply with them. The respondents contend that these provisions are not procedural, but are conditions placed by the Legislature upon the liability created by section 53051, Government Code, and that the defendant city cannot waive substantial compliance nor can it be estopped.

While there seems to be substantial merit to appellant's claim that the provisions of section 53053 of the Government Code are procedural in character, and therefore subject to waiver or estoppel, it is unnecessary to decide that question here. ■ We are satisfied that the facts alleged in the proffered amendment, and which the plaintiff offered to prove, were insufficient to constitute an estoppel *en pais*. That they were insufficient appears from the very statement of them.

In substance these facts amount to nothing more than that the city clerk told plaintiff that he must state in his claim the date of the accident; that plaintiff did so (apparently on the copy retained by him only), and that the clerk then took plaintiff's oath to the verification and told him he had nothing more to do.

There is nothing in these facts that show that plaintiff was, by any act or statement of the clerk, caused to do or omit to do anything to his detriment. What the clerk told him was true and if plaintiff had done as he alleges he was directed to do, the original claim and the duplicate filed with the clerk would have been sufficient in form. ██ It was not the duty of the clerk to fill out the form or to advise the appellant or to see to it that the appellant followed the advice given him. ██ In order for there to be an estoppel *en pais*, the party claiming the estoppel must show that in reliance on the acts or representations of the other party, he acted or failed to act to his detriment. (*Estate of Jackson*, 112 Cal.App.2d 16, 18 [245 P.2d 684] ; *Safway Steel Products, Inc.* v. *Lefever*, 117 Cal.App.2d 489, 491 [256 P.2d 32].) There is no allegation nor offer to prove that the clerk did anything to cause the plaintiff to leave the date of the accident out of the original and duplicate or to cause plaintiff not to sign and verify the triplicate copy. The most that can be said of the allegations is that they show that the plaintiff negligently failed to follow the truthful advice given to him by the clerk.

██ The original and duplicate claims having failed to state the date of the accident, did not comply with the provisions of the statute, and therefore did not constitute a proper basis for plaintiff's action. (*Hall* v. *City of Los Angeles*, 19 Cal.2d 198, 202 [120 P.2d 13] ; *Spencer* v. *City of Calipatria*, 9 Cal.App.2d 267, 268-269 [49 P.2d 320] ; *Douglass* v. *City of Los Angeles*, 5 Cal.2d 123 [53 P.2d 353] ; *Farrell* v. *County of Placer*, 23 Cal.2d 624, 630 [145 P.2d 570, 153 A.L.R. 323].)

In the oral argument before this court, appellant's counsel, for the first time, asserted that the evidence received and that contained in his offer of proof established that all three copies of the claim were filed with the clerk; that, therefore, inasmuch as the original and duplicate copies were verified and the unsigned and unverified triplicate copy contained the date of the accident, there was a substantial compliance with the statute. There is no merit in this contention.

The forms themselves show that it was not the intent of the parties that the triplicate be retained by the clerk, for that copy states, as we have heretofore shown, that it is to be retained by the claimant. There was no evidence received and none offered that the plaintiff ever delivered the triplicate to the clerk with the intention that the clerk should retain it.

An instrument is only filed in contemplation of law, when it is deposited with the proper officer in the proper place with the purpose that it be retained by that officer and deposited with the papers in his office. (*Estate of Sankey,* 199 Cal. 391, 396 [249 P. 517]; *Hoyt* v. *Stark,* 134 Cal. 178, 180 [66 P. 223, 86 Am.St.Rep. 246]; *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383, 395 [121 P.2d 829]; *Harris* v. *Superior Court,* 82 Cal.App. 88, 90 [255 P.2d 229]; *Tregambo* v. *Comanche Mill. & Min. Co.,* 57 Cal. 501, 506.) In the case at bar, the triplicate was not deposited with the clerk nor left there with the intent that it become a part of his records.

The order is affirmed.

White, P. J., concurred.

Doran, J., dissented

A petition for a rehearing was denied December 12, 1955, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1956. Carter, J., was of the opinion that the petition should be granted.