[Civ. No. 23419.   Second Dist., Div. One.   May 18, 1959.]

ELEANOR STOETZNER et al., Appellants v. CITY OF LOS ANGELES et al., Respondents.

Murchison, Cumming & Baker, R. Bruce Murchison and Earle K. Stanton for Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Marcus E. Crahan, Jr., Deputy City Attorney, for Respondents.

NOURSE, J. pro tem.*—Plaintiffs appeal from the judgment of the lower court denying their application for a peremptory writ of mandate directed to the defendant city of Los Angeles and the defendant Board of Building and Safety Commissioners of that city.

The plaintiffs are the owners of a three-story frame building erected in 1903. The first floor is devoted to commercial uses and the second and third floors are operated as a hotel. After inspection by the building department, fire department and health department of the city and upon the basis of the reports made by those departments the defendant board issued an order requiring the plaintiffs to show cause before it why the building should not be declared a dangerous building and as such a nuisance and ordered vacated and repaired or demolished.

After a prolonged hearing before an examiner appointed by the board pursuant to a city ordinance (Los Angeles City Ordinance No. 95338 as amended by Ordinance No. 108209) providing for such appointment, at which the testimony of numerous witnesses called by the board as well as witnesses called by the plaintiffs was heard, he made his report summar-

---

*Assigned by Chairman of Judicial Council.

izing the evidence and recommending the demolition of plaintiffs' building. The board after reviewing the report of the examiner and the transcript of the evidence taken before him, made certain findings of fact, hereinafter alluded to, and upon the basis of those ordered plaintiffs' building demolished.

The purported findings of the board as set forth in a resolution adopted by the board at the completion of the hearings before it, reads in part as follows: "The Board of Building and Safety Commissioners has determined after full and fair consideration of the Building Inspector's report; evidence received at the hearings held on January 10, March 7, April 11, May 3, June 6, June 12, July 10 and July 11, 1957; the transcript of said hearings; the Hearing Examiner's report; and oral and written objections to the Hearing Examiner's report presented by the interested parties that the certain building or structure located at 1019-21 East 7th Street and 669-671 Ceres Avenue, being more particularly described as Lot No. 3 of Tract No. 2145, is a dangerous building and a substandard residential building, a nuisance, and a building unfit for human habitation *within the terms of the Los Angeles Municipal Code* and the California Health and Safety Code and that said building cannot be reasonably repaired so that it will no longer exist in violation of the law in the following particulars:

*"The building is so wracked and deteriorated that it must be reconstructed to be made safe."*[1] (Emphasis added.)

The first paragraph of the resolution is not a finding of any fact but a pure conclusion of law. The second paragraph which we have italicized does constitute a finding of fact and the facts found in substance amount to a finding that the building is a nuisance in fact, and that it must be reconstructed so as to be made safe.

■ No argument or citation of authorities is needed for the proposition that a building erected for use as, and which is used as a hotel and which has so deteriorated as to be unsafe for human habitation, is a public nuisance or for the proposition that such a nuisance may be ordered abated by the demolition of the offending structure if the nuisance which it creates cannot be otherwise abated.

The proceedings which resulted in the order for the demolition of plaintiffs' building were initiated and prosecuted pursuant to the provisions of division B of article 6 of chapter 9

---

[1]The ordinance (Los Angeles Munic. Code, § 96.111(b)) under which the proceedings were had requires the board to make findings of fact.

of the Los Angeles Municipal Code. By their brief the appellants attack the constitutionality of many of the provisions of this chapter of the code as well as certain sections of the Los Angeles Building Code which are incorporated in the Municipal Code. Appellants have, however, in their brief utterly failed to show that any of the provisions of the ordinance which they attack as unconstitutional were applied by the respondent board in arriving at its finding of fact that the building was so wracked[2] and deteriorated that it must be reconstructed to be made safe. They content themselves, without any transcript references, with inviting this court to read and analyze the entire record consisting of 600 pages of the transcript of the oral proceedings before the examiner and numerous exhibits, in order that this court may satisfy itself that in the light of the entire record the order of demolition is not warranted. ■ Respondents have, by their brief, however, referred to evidence given before the examiner which substantially supports the finding in question and therefore the order.

This evidence consisting of testimony given by competent witnesses is sufficient to establish that the building in question was wracked in that the upper stories were out of plumb; that this was due to both vertical and lateral stresses and the fact that the building was so designed as to be unable to withstand these stresses; that there was substantial deterioration in the structural members of the building due to dry rot and the fact that the plaster on the interior of the building had dried out to the extent that it had separated from the lath and therefore had no fire resistent quality and gave no aid to the structural members of the building in resisting lateral stress; that due to the conditions we have just related the building was in danger of sudden collapse which collapse would, of course, endanger not only the lives of those within the building but those who might be in the streets adjacent to it. The evidence further showed that in order to render the building safe it would be necessary to practically reconstruct it at a cost but slightly below the cost of a new building of the same design and materials. This evidence fully supports the findings of fact which we have quoted, the necessarily implied finding that the building is a nuisance and the order for its demolition. There is and could be no contention that the ordinances in

---

[2] "Wracked" was used throughout the proceedings in the sense of the building in its upper portion having tilted out of plumb due to vertical and lateral stresses.

question insofar as they empower the board to order the demolition of a building which constitutes a nuisance in fact, which cannot be abated other than by demolition, are invalid.

The fact that other provisions of the ordinance may be unconstitutional or that as interpreted and applied by the board they may be unconstitutional, is immaterial here for the plaintiffs having failed to show that the board applied any of these provisions of the ordinance against them, they may not raise the question of their unconstitutionality in this proceeding. (*Estate of Childs,* 18 Cal.2d 237, 244 [115 P.2d 432, 136 A.L.R. 333] ; *Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446, 468 [55 P.2d 177] ; *American Distilling Co.* v. *Johnson,* 132 Cal.App.2d 73, 79-80 [281 P.2d 598].

Appellants assert that they were denied due process in that they were forced to litigate their rights before a biased tribunal and an examiner, appointed by and under the control of that tribunal, who was unqualified to pass upon the questions of law necessarily involved in the controversy. The people of the city of Los Angeles have, however, seen fit through the city charter to give an administrative body which acts as investigator, prosecutor and judge the power to determine whether the property of a citizen constitutes a nuisance and if it does, to order its demolition; and the further power to appoint a person, under its sole control and who is without qualification to rule upon questions of law involved in the proceeding, the power to hear the evidence and recommend the action to be taken by the administrative body.

This provision in the charter is justly subject to criticism,[3] but it is not within the province of this court to pass upon the wisdom of the people in adopting it and we have not been cited to nor has our research disclosed any decision which holds that the procedures provided for in the charter deprive the property owner of due process of law.

Appellants have not attempted to show that they were not accorded notice and a full and fair hearing. Their only complaint is as to the character of the tribunal provided for by the charter and the bias of the witnesses. Their contention

[3]The dangers of unfairness or bias in administrative procedure where the administrative body is investigator, prosecutor and judge, was one of the inducing causes of a special study of administrative procedures made by the Judicial Council of this state, which study resulted in the enactment of sections 11,500-11,528 of the Government Code. (See 10th Biennial Report of the Judicial Council of California, pp. 8-30; see also 5 U.S.C.A., §§ 1001-1011; *Wong Yang Sung* v. *McGrath,* 339 U.S. 33 [70 S.Ct. 445, 94 L.Ed. 616].)

that they were denied due process of law cannot, therefore be sustained.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 15, 1959, and appellants' petition for a hearing by the Supreme Court was denied July 15, 1959.