[Civ. No. 9826. Third Dist. May 27, 1960.]

LOTTIE A. PECK, Appellant, v. CITY OF MODESTO, Respondent.

Robert R. Elledge and Charles M. Samson for Appellant.

Gant & Gant for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment on the pleadings in favor of respondent city of Modesto in an action brought by appellant to recover damages for

*Assigned by Chairman of Judicial Council.

injuries allegedly suffered as the result of a fall caused by a dangerous and defective condition of a public sidewalk maintained by the city.

The complaint alleged that on May 23, 1957, appellant filed and served a claim for damages upon the respondent city. A copy of the claim is attached to the complaint as an exhibit and by reference incorporated therein. The answer to the complaint denies the allegations of the complaint and pleads contributory negligence as a defense.

The claim though unverified complies in all respects with section 1312 of the Charter of the City of Modesto (Stats. 1951, ch. 46, p. 4332), there being no requirement in the section that such a claim be verified. However, section 53052 of the Government Code (as it existed prior to being amended in 1959) provided as follows:

". . . When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a *verified* written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred." (Emphasis added.)

The record shows that on the second day of the trial appellant moved to amend her complaint to read as follows: "That the Plaintiff filed and served a claim attached hereto and incorporated herein by reference and marked as Exhibit No. 1 upon the City of Modesto, . . ., on the twenty-third day of May, 1957, and that in so filing and serving said claim, Plaintiff relied upon the provisions of Section 1312 of the Charter of the City of Modesto by presenting a demand in all respects as therein required and provided; that by reason of Plaintiff's reliance upon said Section 1312 of said Charter, the Defendant City of Modesto is estopped to deny the sufficiency thereof." The trial court granted appellant's motion and immediately thereafter granted the city's motion for judgment on the pleadings. The latter motion presumably was granted because appellant's claim had not been verified as required by former section 53052 of the Government Code, and the complaint disclosed that fact on its face.

Appellant contends that she was induced by section 1312 of the city charter to file the unverified claim and that because of her reliance thereon the city should be estopped to use her failure to verify the claim as a defense. We do not agree with the appellant.

We are of the opinion that as a matter of law the facts as alleged in the amended complaint are insufficient to estop the city from relying upon section 53052 of the Government Code.

As stated in *California Cigarette Concessions, Inc.* v. *City of Los Angeles,* 53 Cal.2d 865, at pages 869, 870 [3 Cal. Rptr. 675, 350 P.2d 715] :

". . . There are occasions for departure from the general rule that a city may not be estopped by the conduct of its officers or employees. (*Farrell* v. *County of Placer,* 23 Cal. 2d 624 [145 P.2d 570, 153 A.L.R. 323].) But such departure is justified only when the facts clearly establish that a grave injustice would be done if an equitable estoppel were not applied. (*County of San Diego* v. *California Water etc. Co.,* 30 Cal.2d 817, 826 [186 P.2d 124, 175 A.L.R. 747].) . . .

"Certain conditions are necessary as the basis for an estoppel: the party to be estopped must be apprised of the facts; the other party must be ignorant of the true state of facts; the party to be estopped must have intended that its conduct be acted upon, or so act that the other party had a right to believe that it was so intended; and the other party must rely on the conduct to its prejudice. (*Safway Steel Products, Inc.* v. *Lefever,* 117 Cal.App.2d 489, 491 [256 P.2d 32].)'' (See also *Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 565 [225 P.2d 988].)

In the instant case the amended complaint as grounds for estoppel merely alleges that the appellant relied upon the provisions of section 1312 of the city charter in presenting and filing her unverified claim with the city. There is no claim by appellant of any affirmative act on the part of the city that induced her to rely solely upon the charter provision. Nor is there any claim that the appellant did not know of the verification requirement contained in section 53052 of the Government Code. Furthermore, there is no claim that the city intended appellant should rely solely on the charter provision.

Appellant does not challenge the following fundamental propositions which necessarily underlie the trial court's decision, as stated in *Eastlick* v. *City of Los Angeles,* 29 Cal.2d 661, 665-666 [177 P.2d 558, 170 A.L.R. 225] :

". . . (1) That a city, by adopting a charter, becomes independent of general laws only as to 'municipal affairs,' and that in matters of general statewide concern the general law

is paramount (Const., art. XI, §§ 6, 8; *City of Pasadena* v. *Charleville,* 215 Cal. 384, 388 [10 P.2d 745]; *West Coast Adver. Co.* v. *San Francisco,* 14 Cal.2d 516, 519 [95 P.2d 138]); (2) that the existence of a municipality's liability for the dangerous or defective condition of its streets is a matter of state concern (*Rafferty* v. *City of Marysville,* 207 Cal. 657, 665 [280 P. 118]; *Douglass* v. *City of Los Angeles,* 5 Cal.2d 123, 128 [53 P.2d 353]); and (3) that with regard to such a matter local regulations may be enforced only if they are not in conflict with the general law. (*White-Satra* v. *City of Los Angeles,* 14 Cal.App.2d 688, 689 [58 P.2d 933]; *Sandstoe* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 28 Cal.App.2d 215, 220 [82 P.2d 216]; *Wilkes* v. *City and County of San Francisco,* 44 Cal.App. 2d 393, 396 [112 P.2d 759]; *Helbach* v. *City of Long Beach,* 50 Cal.App.2d 242, 247 [123 P.2d 62].) . . ."

In enacting the Public Liability Act of 1923 and the supplementary claim statute of 1931 (both of which are codified in section 53050 et seq. of the Government Code as those statutes existed prior to 1959), the Legislature provided a general scheme for the presentation of liability claims arising out of the dangerous or defective condition of public property. Thus with respect to the claim in question section 53052 of the Government Code controlled over the provisions of section 1312 of the Charter of the City of Modesto.

The requirements of former section 53052 were mandatory. While substantial compliance with the statute was sufficient (*Cruise* v. *City & County of San Francisco,* 101 Cal.App. 2d 558, 563 [225 P.2d 988]; *Baker* v. *Cohen,* 139 Cal.App.2d 842, 843-844 [294 P.2d 518]), an unverified claim is not substantial compliance and hence cannot form the basis for an action against a municipality under the Public Liability Act (*Baker* v. *Cohen, supra,* p. 844; *Hoffman* v. *City of Palm Springs,* 169 Cal.App.2d 645, 649 [337 P.2d 521].)

Factually, *Farrell* v. *County of Placer, supra; Cruise* v. *City & County of San Francisco, supra;* and *Mendibles* v. *City of San Diego,* 100 Cal.App.2d 502 [224 P.2d 42], cited and relied upon by appellant are clearly distinguishable. In the Farrell case, *supra,* a formal verified claim was presented after the close of the 90-day period but before the commencement of the action. It was held that the facts clearly established that defendants should be estopped to complain of the late filing of the claim upon evidence to the following effect: Within 23 days after the accident defendants obtained from the injured person who was confined to the hospital for some

three and a half months after the injury a full and complete statement concerning the accident, thus enabling them to investigate it fully. Defendants' agents advised the injured person not to employ counsel but asked her if she was willing to make a settlement, and upon her suggestion that she was not then in a condition to discuss the extent of her damages and desired to recover her health before determining and specifying the extent of her injuries, told her that it would be satisfactory to them to wait until she knew the extent of her injuries before she stated the amount she claimed or made a settlement. The injured person believed and relied upon these statements and the conduct of defendants' agents and as a result did not consult with counsel or take any proceedings in regard to her claim until the period for filing the claim had passed.

In the Cruise case, *supra,* the proffered amendment to plaintiff's complaint alleged affirmative acts by the representatives of the city which caused plaintiff to file her claim 10 days too late.

And in the Mendibles case, *supra,* the plaintiff was directed by the mayor of the city to file her claim with the auditor and comptroller instead of the city clerk as required by section 1981 of the Government Code.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied June 21, 1960, and appellant's petition for a hearing by the Supreme Court was denied July 20, 1960. Schauer, J., Peters, J., and White, J., were of the opinion that the petition should be granted.