**SAFECO INSURANCE COMPANY OF AMERICA, a corporation, Plaintiff,**

v.

**Opal Fay FRANKLIN, Defendant.**

**Civ. No. 7747.**

United States District Court
N. D. California, N. D.

July 15, 1960.

Augustus Castro, John H. Wallace, San Francisco, Cal., for plaintiff.

Laura O. Coffield, Charles W. Decker, Napa, Cal., for defendant.

OLIVER J. CARTER, District Judge.

This action is before the Court for declaratory relief as provided for by Title 28 U.S.C.A. § 2201. Plaintiff, Safeco Insurance Company of America, hereinafter referred to as "Safeco", is a Washington corporation doing business in California, and defendant, Mrs. Opal Fay Franklin, hereinafter referred to as "Mrs. Franklin", is a citizen of California. The amount in controversy exceeds $3,000, exclusive of costs and interest; therefore, this Court has jurisdiction upon the basis of diversity of citizenship. The controversy evolves out of a contract of insurance plus conduct of the insurer wholly within California and California law is deemed controlling. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The facts are that Safeco, in consideration of a premium, issued to Mrs. Franklin its standard auto liability policy covering Mrs. Franklin's 1946 Chrysler for a period of six months commencing February 12, 1957. Safeco agreed to pay on behalf of Mrs. Franklin all sums which she might become obligated to pay by reason of liability incurred for damages arising out of bodily injury claimed by any person as a result of accident in the use of Mrs. Franklin's auto.

■ The policy contained a cancellation clause and pursuant to this provision Safeco caused a notice of cancellation to be mailed from its San Francisco office on June 19, 1957, to Mrs. Franklin at 509 Ridge Street, Vallejo, California, which was the address stated in the policy. Mrs. Franklin changed her address twice before the notice of cancellation without notifying Safeco. The effective date of cancellation was to be June 29, 1957. The notice of cancellation was in proper form and, therefore, it was effective under California law upon mailing without regard to whether it was in fact ever received. Jensen v. Traders & General Ins. Co., 52 Cal.2d 786, 345 P.2d 1. Mrs. Franklin alleged and the evidence sustains the fact that this notice was not received until September, 1957. The delay encountered is not chargeable to Safeco but rather to Mrs. Franklin because of the method she used to collect her mail after she had moved from her Ridge Street residence. Mrs. Franklin had taken up new residence at 103 West Lane, Vallejo, California.

Safeco caused a "premium notice" to be mailed to Mrs. Franklin at her Ridge Street address on July 1, 1957 which was forwarded to Mrs. Franklin by the postal authorities and received by Mrs. Franklin on July 5, 1957. Certain language in the "premium notice" is pertinent. The pertinent language is:

"Your policy is automatically renewed for six months."

"Policy due date 8/12/57."

"You are insured for those coverages whose limits are indicated below—"

"Payment of this premium extends your insurance for six months."

Mrs. Franklin was involved in an automobile accident on July 7, 1957. She reported the accident to an agent of Safeco on July 10, 1957 and was advised that her policy had been cancelled. This was the first time Mrs. Franklin became aware of the cancellation or the notice of cancellation

■■ Since the cancellation was effective to terminate the liability of Safeco under the contract of insurance, the obligations of Safeco under the terms of the contract are excused unless Safeco has precluded itself from asserting an effective cancellation. Such preclusion can be predicated only upon the doctrine of estoppel *in pais* or equitable estoppel as understood and applied by the California courts. The doctrine of waiver has no application under the facts here presented as the requisite element of an intentional relinquishment of a known right by Safeco is not present. See: Chase v. National Indemnity Co., 129 Cal.App.2d 853, 858, 278 P.2d 68; Matsuo Yoshida v. Liberty Mutual Ins. Co., 9 Cir., 240 F.2d 824, distinguishing between the doctrine of estoppel and waiver. Whether an estoppel is present is a

question of fact. Walker v. Home Indemnity Co., 145 Cal.App.2d 318, 302 P.2d 361.

At common law there was a distinction drawn between estoppel *in pais* and equitable estoppel and the two were said not to be confused but "more recent decisions of the courts, however, have given a much wider scope to the doctrine of estoppel *in pais*, and the terms 'estoppel *in pais*' and 'equitable estoppel' are now generally used interchangeably as applicable to all estoppels which are not those by record or by deed." 19 Am.Jur. 633; 18 Cal.Jur.2d 406; McDanels v. General Ins. Co., 1 Cal.App.2d 454, 36 P.2d 829.

■ The requisites for estoppel in California have been stated as follows:

"(1) the party to be estopped must know the facts;

"(2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;

"(3) the latter must be ignorant of the true facts; and

"(4) he must rely on the former's conduct to his injury." 18 Cal.Jur.2d 406.

Above requisites approved in Safway Steel Products, Inc. v. Lefever, 117 Cal.App.2d 489, 256 P.2d 32; in accord 19 Am.Jur. 634. In Richards on Insurance, Vol. 3 (5th Ed. by Warren Freedman) at page 1448, the author states:

"Basically, estoppel means 'reliance', a detrimental, material change of legal position by the party seeking relief in a subsequent action. Estoppel arises without benefit of contract or other consensual arrangement; no consideration or privity is necessary. Estoppel is said to involve the acts, conduct or statements of both parties, so that the inquiry is always as to whether or not the fault of one party has induced the other party in reliance thereon to alter his legal position to his detriment."

■ The San Francisco office of Safeco mailed the notice of cancellation and the premium notice. Safeco is a corporation, a single entity in contemplation of law, and, although it may have many departments, or subdivisions, being a corporation, it is an indivisible unit. Therefore, the act of mailing the "premium notice" to Mrs. Franklin was a volitional act by a party that knew the facts. Safeco urges that the act of mailing the "premium notice" was a clerical error and, hence, should not be an act sufficient to raise an estoppel. The clerical error amounts to an unilateral mistake of fact and where one of two persons must suffer from a mistake the one committing the error must bear the burden.

■ The Supreme Court of California has held that mailing of a cancellation notice in accordance with the terms and provisions of the contract of insurance suffices to terminate the contract. Jensen Case *supra*. However, an insurance company owes a duty to an insured who has not received actual notice of cancellation to conduct itself in such a manner so as not to lead the insured, who does not receive the notice of cancellation, into believing that the contract of insurance is still in full force and effect. The public as well as a named insured is vitally interested in the maintenance of liability insurance covering persons driving on the public highways. Conduct on the part of the insurance company which would lead a reasonable person into a "sense of security" may raise an estoppel. Travelers Protective Ass'n of America v. Jones, 5 Cir., 91 F.2d 377, 378.

Mrs. Franklin did not receive the notice of cancellation nor was she advised of cancellation by the agent of Safeco until after the receipt of the "premium notice" and the accident; therefore, she was without knowledge of the true facts.

The "premium notice" was received the day before the accident in question and contained the following language pertinent to the issue of estoppel, namely, that:

"Your policy is automatically renewed for six months."

"Policy due date 8/12/57".

"You are insured for those coverages whose limits are indicated below—"

"Payment of this premium extends your insurance for six months."

A reasonable person would conclude from this language that the policy previously contracted was still in full force and effect and that for a continuance of coverage a premium would have to be paid before August 12, 1957. This conduct by Safeco was not done to deliberately mislead Mrs. Franklin, but the natural consequences of the intentional mailing of the "premium notice" was to cause Mrs. Franklin to continue a course of conduct which was prejudicial in that she was denied the opportunity to seek other insurance protection, or to stop driving an uninsured automobile.

The Supreme Court of California, in reference to the doctrine of equitable estoppel, quoted with approval the following language from 3 Pomeroy Eq.Jr. (5th Ed.) § 812, page 233:

"It is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss." Benner v. Ind. Acc. Comm., 26 Cal.2d 346, 159 P.2d 24, 26.

The effect of the "premium notice" was to deter Mrs. Franklin from any considerations relating to her auto liability insurance which would have extricated her from the plight she unknowingly occupied.

After an exhaustive search of the California authorities revealing no case dealing with the particular fact situation presented here, and under the general considerations moving a California court to apply the doctrine of estoppel *in pais* or equitable estoppel, this Court concludes that plaintiff, Safeco Insurance Company of America, by its inconsistent conduct has precluded itself from asserting an effective cancellation.

Judgment, therefore, is awarded to the defendant on the complaint, and judgment on her counterclaim for declaratory relief decreeing that the policy of insurance was in full force and effect at the time of the collision, and that plaintiff is obligated to perform the terms thereof with respect to the collision and any litigation ensuing therefrom, and for costs of suit herein, and for a reasonable attorney's fee.

Counsel for defendant is directed to prepare and present findings, conclusions and a judgment in accordance herewith.