[Civ. No. 20346.   First Dist. Div. Two.   Oct. 2, 1962.]

CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Respondent, v. JOHN MEYER, Defendant and Appellant.

Howard I. Paulson for Defendant and Appellant.

Thomas M. O'Connor, City Attorney, and Beatrice Challiss, Deputy City Attorney, for Plaintiff and Respondent.

AGEE, J.—Defendant appeals from a judgment declaring his property, located at 914-916-918 Haight Street, San Francisco, to be a public nuisance, enjoining further use of the premises except as three units or three "flats," and ordering that the building thereon be demolished. The judgment further provided for a 60-day stay of execution of the order of

demolition so as to give defendant an opportunity to return the structure to a condition suitable for occupancy as a three-unit or three-"flat" building or, in the alternative, to commence authorized alterations of the premises so as to increase the permitted occupancy thereof.

Plaintiff's complaint was in two counts. The first count alleged, insofar as relevant to this appeal, that the premises constituted a fire hazard; that the premises existed in violation of the State Housing Act in 19 specified respects; that, with the knowledge of defendant, the premises had been maintained for some time as a public nuisance; that on March 1, 1955, after a public hearing before the Director of Public Health of the City and County of San Francisco, the premises were condemned as a public nuisance and ordered restored to their original use and occupancy as three "flats"; and that, by reason of the aforesaid allegations, the premises constituted a fire and health hazard and a public nuisance. The second count was in all respects the same as the first count except that the allegation relating to the public hearing before the director of public health was omitted. The complaint concluded with a prayer that the nuisance be abated, that defendant be enjoined from permitting the conditions to exist, that the premises be brought into conformity with law or demolished and for such further relief as deemed just.

Defendant's answer denied the foregoing allegations except those relating to the public hearing before the director of public health and the order made following the hearing, which were admitted; defendant alleged that he and the director thereafter entered into an "agreement" and the order was never executed.

Findings of fact and conclusions of law adverse to defendant were made as to all material issues. These findings are supported by the evidence and the judgment is supported by the findings. The trial judge, accompanied by the defendant and counsel for both sides, viewed the premises. This was done at the conclusion of the evidence produced by the parties, pursuant to an agreement made in open court, and gave the judge an excellent opportunity to take evidence of the condition of the property by direct observation.

The premises consisted of a wooden frame building of three stories exclusive of the basement and attic. It was originally constructed and used as a three-family dwelling, with one family on each floor. Each flat had a separate front door entrance from a common street porch, and each had a separate

street number. The original room arrangement for each floor was the same, the kitchen and dining room being in the rear. Each kitchen had at one time opened onto an open back porch and each had access to the back yard by means of a common rear stairway.

The original construction occurred shortly prior to April 29, 1901, when application to turn on the water was made. This application described the premises as a three-family dwelling, which description was reiterated in three subsequent inspection reports of plaintiff's water department, dated April 21, 1914, April 25, 1915, and August 3, 1917, respectively. Prior to 1919, when water meters were first installed, water rates varied according to the number of families in a structure, and this was the reason why the water department inspected the occupancy of those buildings on which reports were made. The records of the plaintiff's permit bureau are complete from the year 1906 to the present time and there was no permit on file for the alteration or conversion of the premises from three units to any greater occupancy. From the foregoing, plaintiff established that the structure was maintained as a three-family dwelling until at least August 3, 1917 (the date of the last water inspection), and that the conversion of use and structural alterations found to be in existence at the time of trial had taken place without the issuance of a building permit as required under applicable law.

It was shown at the trial that, in order to create 12 apartments, kitchens had been installed in bedroom closets, community baths were constructed across the hallways from the original bathrooms and the original bathroom in each flat turned into a kitchen, an extra water closet was placed on the rear porch, the rear porches were enclosed, a kitchen window opened into a vent serving toilet areas, cooking and sleeping facilities were provided in the same rooms and openings were made just inside the front doors to permit the occupants of one floor to have access to the other floors.

Of the 19 specific conditions which were alleged in the complaint to constitute violations of the State Housing Act and the Municipal Code of the City and County of San Francisco, 16 were shown to be in existence. The other three were stipulated at the commencement of the trial to be not in issue.

There was also testimony demonstrating that there were other conditions which constituted a health or fire hazard or a public nuisance, such as stove pipe going through a wall at a point where no ''fire wall'' existed, lack of fire resistive mate-

rial for walls and stairwells, a side court too narrow for proper lighting of the side rooms used as apartments, and rear kitchens cut off from proper ventilation and light.

The pertinent findings made by the trial court may be summarized as follows: Since April 1, 1954, defendant has been the owner of the premises in question; these premises were originally constructed as a three-unit or three-"flat" building; at some time after August 3, 1917, and prior to April 1, 1954, said premises were converted into an apartment house consisting of 12 units; no permit was obtained or issued for said alteration; said premises are presently used and occupied as an apartment house consisting of 11 apartments and have been so used and occupied since and prior to April 1, 1954; that the premises are structurally unsafe and constitute a fire hazard and a hazard to safety by reason of inadequate maintenance and the 16 violations of law (specified) referred to above; that these violations consist of: The alteration of the three-"flat" building into a twelve-unit apartment building, without obtaining a building permit; failure to meet minimum requirements of the State Housing Act relating to an apartment house; the only window in a room utilized as a kitchen opens into a vent shaft; food is prepared in sleeping rooms; kitchens are installed in closets without required windows or floor area; all front apartments lack two means of egress; a stair railing is loose; a water-closet is not contained within each apartment; there is less than one bath for each three apartments; the basement is without any bath or toilet facilities; sash doors are broken and windows cannot be properly operated; cord wiring and other unlawful wiring is used; plug receptacles are lacking in rooms; gas appliances are improperly and unlawfully installed; gas appliances are improperly vented and not connected to approved flues; that on March 1, 1955, a public hearing was held before the director of public health, at which defendant was present; that after a full hearing said premises were condemned and declared to be a public nuisance; that the premises were further ordered restored to their original use and occupancy as a three-unit or three-"flat" building; that the premises now constitute, and for a long period of time have constituted, a fire hazard and a hazard to the health and safety of the public and by reason thereof constitute a public nuisance.

Conclusions of law were made in conformance with these findings and the judgment thereafter entered is in accord with such findings and conclusions.

None of the points raised on appeal have any merit. Each is answered conclusively in respondent's brief. Appellant has not filed any reply brief. However, we will take up each of the points made.

■ *Pleading.* The first count of the complaint alleges a public hearing in 1955 before the director of public health and his order to restore the structure to its original use and occupancy as three "flats." Defendant asserts that there is a fatal defect in that this cause of action does not contain an express allegation, that defendant failed or refused to comply with this order. However, this action was filed over four years later, on February 29, 1960. The first count alleges that the premises *"are now"* structurally unsafe and a fire hazard and in violation of the applicable law in that the building ". . . originally constructed as a three unit building or 'flats,' has been subsequently altered into twelve units or apartments." It is also alleged that defendant has been maintaining the premises in a manner to constitute a public nuisance *"now"* and "for a considerable period of time heretofore." (Emphasis ours.) Even if defendant's contention were valid, these additional allegations would cure the claimed defect.

■ Moreover, the complaint contains two separate counts, and the second count, which states a cause of action for public nuisance wholly apart from any administrative hearing, does not incorporate the allegation relating thereto. Accordingly, even if it were true that plaintiff's first cause of action must fail because of the failure to allege noncompliance by defendant with the order of the director of public health, the second cause of action is sufficient to support the judgment. (2 Witkin, California Procedure (1954) Pleading, § 486, p. 1473.)

*Sufficiency of the evidence to support finding that there was an alteration or conversion of the premises.* In addition to the evidence produced by the parties, which has been set forth above in some detail, we have the evidence adduced by the trial judge upon his viewing of the premises. ■ As stated in *Stegner* v. *Bahr & Ledoyen, Inc.*, 126 Cal.App.2d 220, 225 [272 P.2d 106]: "There is no record of what the judge observed upon this occasion other than as reflected in the findings of fact and conclusions of law which he later signed and filed. Under the circumstances there can be no doubt of the applicability of the rule that the trial judge's view of the property 'with the consent of counsel is evidence in the case and "may be used alone or, with other evidence to support the findings." ' [Citations.]" (See also: *McCarthy* v. *City of Manhattan Beach*, 41 Cal.2d 879, 889 [264 P.2d 932];

*Wilkins* v. *City of San Bernardino,* 29 Cal.2d 332, 338 [175 P.2d 542]; *People* v. *Oliver,* 86 Cal.App.2d 885, 888 [195 P.2d 926].)

*Application of State Housing Act.* Defendant states that the State Housing Act has no retroactive application. The judgment is not dependent upon this premise. ▮▮ Where the court finds that a public nuisance exists, abatement of the nuisance may be ordered wholly apart from applicable statutes or municipal ordinances. (See Civ. Code, § 3494; Health & Saf. Code, §§ 15024, 15290 et seq.; *Queenside Hills Realty Co.* v. *Saxl,* 328 U.S. 80, 83 [66 S.Ct. 850, 90 L.Ed. 1096]; *Knapp* v. *City of Newport Beach,* 186 Cal.App.2d 669, 681 [9 Cal.Rptr. 90]; *Takata* v. *City of Los Angeles,* 184 Cal.App.2d 154, 164-165 [7 Cal.Rptr. 516]; *Perepletchikoff* v. *City of Los Angeles,* 174 Cal.App.2d 697, 699 [345 P.2d 261]; *Stoetzner* v. *City of Los Angeles,* 170 Cal.App.2d 394, 396 [338 P.2d 971].)

▮▮ The trial court specifically found that "the said premises now constitute, and at all times mentioned in the complaint have constituted, a fire hazard and a hazard to health and safety of the public and now constitute, and at all times mentioned in the complaint have constituted, a public nuisance." The court concluded: "That the premises aforesaid by reason of the fact that they constitute a fire and health and safety hazard are a public nuisance and that said public nuisance should be abated forthwith."

The above finding alone is sufficient to support the judgment without reference to any violations of the State Housing Act. This finding cannot be successfully challenged. As stated above, the trial judge's view of the premises is evidence in the case and his observations alone constitute sufficient evidence to support the finding. (*McCarthy* v. *City of Manhattan Beach, supra; Wilkins* v. *City of San Bernardino, supra; People* v. *Oliver, supra.*)

What has been said on this point is also applicable to defendant's complaint that plaintiff offered no proof as to the legal requirements for securing permits for alterations of premises prior to the enactment of the State Housing Act.

The applicable definition of a public nuisance as set forth in sections 3479 and 3480 of the Civil Code has been in effect, without change, since 1874. The evidence and the trial court's findings therein bring the subject property clearly within this definition.

*Defendant's request that court amend its findings and judgment.* Under a document titled "Defendant's Objections to

Proposed Findings of Fact and Conclusions of Law," defendant objects to certain findings of fact proposed by plaintiff. Under a document titled "Notice of Motion to Amend Judgment or For New Trial," defendant moved to amend the judgment (apparently, so that it would be in his favor) and, in the alternative, for a new trial. The objections were overruled and the motions denied.

■ There is nothing to indicate that any points were raised other than those covered herein under other headings. The purported appeal from the orders denying the "Motion to Amend the Judgment" and the motion for a new trial, not being appealable, is dismissed. (Code Civ. Proc., § 963; *Simmons* v. *Santa Barbara Ice etc. Co.*, 162 Cal.App.2d 23, 28-29 [327 P.2d 141]; *Rodriguez* v. *Barnett*, 52 Cal.2d 154, 156 [338 P.2d 907].)

■ *Estoppel.* The city's first cause of action included a recitation that, in 1955, an administrative hearing was held before the city's director of public health on the specific violations of statute and codes which were set forth in the complaint, at which time an order was rendered condemning the premises, declaring them to be a public nuisance, and requiring that the building be restored to its original use and occupancy. This fact was admitted by the answer, in which the defendant further alleged that upon the submission by him of certain documents to the office of the director, the order was never executed. At the trial, the defendant stated that these documents were affidavits attesting that the building had been operated as an apartment house prior to 1919, and that after their presentation he heard no more about the alleged violations until the commencement of this action.

On the basis of this pleading and this evidence, the defendant contends before this court that the city is estopped to prosecute the instant action. There is nothing in the record to indicate that the issue of estoppel was litigated below. Neither in terms nor substance is the doctrine mentioned in the reporter's transcript, and no finding thereon was made by the trial court. There is no pleading or evidence that the city was apprised of facts of which the defendant was ignorant; that the city intended that its conduct be acted upon or acted in such a manner that defendant had a right to believe it so to intend; or that the defendant relied upon the city's conduct to his prejudice. (See *Peck* v. *City of Modesto* (1960) 181 Cal. App.2d 465, 468 [5 Cal.Rptr. 482]; *Safway Steel Products, Inc.* v. *Lefever* (1953) 117 Cal.App.2d 489, 491 [256 P.2d 32]; *Cruise* v. *City & County of San Francisco* (1951) 101

Cal.App.2d 558, 565 [225 P.2d 988].) There are simply no facts shown to which the elements of the doctrine relate.

The defendant urges the installation in 1956 of a fire escape in the building as an element of reliance upon the city's conduct. However, his own evidence shows that he was required by city authorities to install the fire escape, and did not do so on his own account. ▆▆▆ Moreover, as our Supreme Court stated in *California Cigarette Concessions, Inc.* v. *City of Los Angeles* (1960) 53 Cal.2d 865 [3 Cal.Rptr. 675, 350 P.2d 715], at p. 869: ". . . There are occasions for departure from the general rule that a city may not be estopped by the conduct of its officers or employees. (*Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323].) But such departure is justified only when the facts clearly establish that a grave injustice would be done if an equitable estoppel were not applied. (*County of San Diego* v. *California Water etc. Co.*, 30 Cal.2d 817, 826 [186 P.2d 124, 175 A.L.R. 747].)'' (See also *City & County of San Francisco* v. *Burton* (1962) 201 Cal.App.2d 749, 756 [20 Cal.Rptr. 378].) There is no such showing in the instant case.

Defendant raised a question at the trial as to whether the license fee charged by plaintiff's tax collector was of any significance as to whether the city regarded the premises as an apartment house, a hotel, or as "flats." The record indicates that the defendant showed the trial judge some kind of a license for 23 rooms. The judge then asked counsel for plaintiff to look into the matter and advise him. There was no objection to this by defendant or his counsel. Counsel for plaintiff advised the court by letter, with a copy to defendant's then counsel. Defendant's present counsel complains that "the record fails to show that this was done." However, the original letter is on file and a copy is attached to plaintiff's brief. The misunderstanding is undoubtedly due to the change in defendant's counsel.

The letter, with an enclosure from the department of public health, sets forth that the license fee is based on the total number of rooms per building and in no way indicates compliance with pertinent building and housing codes, this being a matter for determination by the department of public health. What characterization of the premises is used by the tax collector has no bearing at all upon the court's determination that the building constituted a public nuisance.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.