[L. A. No. 24129.   In Bank.   Apr. 12, 1957.]

THE CITY OF LOS ANGELES, Appellant, v. BELRIDGE OIL COMPANY (a Corporation), Respondent.

Roger Arnebergh, City Attorney, Bourke Jones and James A. Doherty, Assistant City Attorneys, for Appellant.

Wellborn, Barrett & Rodi, Vernon Barrett and F. C. Lowell Head for Respondent.

CARTER, J.—This is an appeal by the city of Los Angeles from a judgment entered upon a retrial after a decision by this court (*City of Los Angeles* v. *Belridge Oil Co.*, 42 Cal.2d 823 [271 P.2d 5]) reversing a judgment in favor of defendant, Belridge Oil Company.

The only question involved here is whether the trial court properly applied the law as set forth in our decision* on the prior appeal.

Upon the retrial the parties stipulated that all of the gross receipts of the defendant "are attributable in part to its selling activities within the City of Los Angeles and in part to its selling activities without the City" and that "not more than 20% of defendant's total gross receipts for the years 1948 and 1949 are attributable to defendant's business [or selling activities] in the City of Los Angeles under any method of allocation which is fairly calculated to determine the defendant's gross receipts derived from or attributable to sources within the City of Los Angeles and to determine the defendant's gross receipts derived from or attributable to sources outside the City of Los Angeles" subject to plaintiff

*The facts are fully set forth therein.

city's right to maintain on appeal that there should be no allocation of receipts for the purpose of determining the amount of the tax and that the tax should be measured by defendant's total gross receipts. Defendant agreed that 20 per cent of its total gross receipts for the years 1948 and 1949 might be used to measure the tax to be imposed upon it under section 21.166 of plaintiff's license ordinance for the years 1949 and 1950.

The trial court held, in accord with the stipulations entered into between the parties, that defendant was subject to the license tax (§ 21.166) for such portion of its gross receipts "as is derived from or attributable to its business or selling activities in the City of Los Angeles; that such portion of such gross receipts should be determined under some method of allocation which is fairly calculated to determine the defendant's gross receipts derived from or attributable to sources within the City of Los Angeles and to determine the defendant's gross receipts derived from or attributable to sources outside the City of Los Angeles." And that "Not more than 20% of defendant's total gross receipts for the years 1948 and 1949 are derived from or attributable to defendant's business in the city of Los Angeles." And that "Not more than 20% of defendant's total gross receipts for the years 1948 and 1949 are derived from or attributable to defendant's selling activities in the City of Los Angeles."

In harmony with its conclusion, the trial court held that there remained due and owing to the plaintiff from the defendant the sum of $536.43, including both principal and interest.

The primary argument of the plaintiff is that this court did not, in its prior opinion, hold that there should be an allocation of the total gross receipts of defendant based upon the *selling* activities directly attributable to the Los Angeles part of defendant's business.

Section 21.166 of the Los Angeles City Tax Ordinance provides that "Every person manufacturing and selling any goods, wares or merchandise at wholesale, or selling goods, wares, or merchandise at wholesale, and not otherwise specifically licensed by other provisions of this Article, shall pay for each calendar year, or portion thereof, the sum of $8.00 for the first $20,000, or less, of gross receipts, and, in addition. . . ." We held (p. 830) that "defendant's Los Angeles office was engaged in the activity of 'selling goods, wares or

merchandise at wholesale' within the city of Los Angeles and was therefore subject to the provisions of section 21.166 of the Los Angeles tax ordinance." We also specifically held (pp. 831, 832) that "There is, however, one important limitation which should be pointed out and that is this: even though the city can tax the activity of selling it can only base the tax on such selling activities as are carried out within its territorial limits. For this reason it is only those gross receipts which are attributable to selling activities within the city which should form the basis for the rate of tax. Gross receipts attributable to selling activities conducted outside the city should not be included. Such a construction necessarily follows from the fact that the business license tax is on the privilege of engaging in selling activities in the city of Los Angeles and as such should only be based on such activities."

█ Plaintiff argues that the controversy centers around the statement made by this court (p. 831) that "Defendant company also contends that even if section 21.166 is applicable, the city cannot constitutionally tax the total gross receipts of the company since such would be an attempt to impose a tax on business carried on outside the city. This argument is based on the ground that since the total gross receipts include the proceeds of products produced and delivered outside the city the effect would be to allow a city to tax transactions occurring outside its boundaries. This argument seems to lose sight of the nature of section 21.166." This statement was directed at defendant's argument that some of its gross receipts were attributable to extraterritorial elements such as the production and delivery of the goods. We held that there was no constitutional objection to resorting to extraterritorial elements in determining the rate of tax (*Great Atlantic & Pac. Tea Co.* v. *Grosjean,* 301 U.S. 412 [57 S.Ct. 772, 81 L.Ed. 1193, 112 A.L.R. 293]; *Maxwell* v. *Bugbee,* 250 U.S. 525 [40 S.Ct. 2, 63 L.Ed. 1124]; *Cedar Hills Cemetery Corp.* v. *District of Columbia,* 124 F.2d 286). We concluded that "The activity being taxed here is the activity of selling and such activity can be taxed by the city even though the goods never enter its territorial limits. (*Keystone Metal Co.* v. *Pittsburgh, supra,* 374 Pa. 323 [97 A.2d 797].)"

█ Plaintiff argues that the requirements of due process and equal protection do not compel an apportionment of receipts attributable to the business carried on within the city. This argument was answered adversely to plaintiff in our

opinion on the prior appeal where we held that "To allow a city to levy a license tax based upon gross receipts attributable to selling activities outside the city would be an unreasonable discrimination and a denial of equal protection of the law. (See *Ferran* v. *City of Palo Alto,* 50 Cal.App.2d 374 [122 P.2d 965].) If such taxation were allowed it would unjustly discriminate against those firms whose selling activities in Los Angeles compose but a small fraction of the total sales effort and whose gross receipts are in large part attributable to selling activities in other areas. ▮ As stated in *Franklin* v. *Peterson,* 87 Cal.App.2d 727, 730 [197 P.2d 788], 'It is the rule that where a statute or ordinance is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional, in whole or in part, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality, even though the other construction is equally reasonable. The rule is based on the presumption that the legislative body intended not to violate the Constitution, but to make a valid statute or ordinance within the scope of its constitutonal powers.' In the instant case a just and reasonable construction requires that the measure of the tax be limited to those gross receipts attributable to selling activities within the city of Los Angeles."

Plaintiff's argument concerning the intent and meaning of the "Bradley-Burns Uniform Local Sales and Use Tax Law" enacted by the Legislature in 1955 [Rev. & Tax. Code, § 7200 et seq.) does not merit discussion. We are here concerned with a business license tax imposed by the city of Los Angeles, the applicable section of which we have heretofore held applied to selling activities carried on within the city, the tax to be measured by that portion of the gross receipts directly attributable to the defendant's selling activities in the city. (42 Cal.2d 823.)

▮ Having heretofore held that only that portion of the gross receipts directly attributable to defendant's selling activities carried on in the city of Los Angeles may be taxed under section 21.166, and the parties having stipulated that by a method of allocation "fairly calculated to determine the defendant's gross receipts" 20 per cent thereof was derived from selling activities in the city of Los Angeles, we conclude that the trial court was correct in applying the tax formula to 20 per cent of defendant's gross receipts.

Plaintiff's other contentions are an attempt to reargue matters concluded on the former appeal and need no discussion here.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.