[L. A. No. 25257.   In Bank   Mar. 30, 1960.]

CALIFORNIA CIGARETTE CONCESSIONS, INC. (a Corporation), Respondent, v. CITY OF LOS ANGELES, Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and James A. Doherty, Assistant City Attorneys, for Appellant.

Irmas & Rutter, William A. Rutter and Sydney M. Irmas, Jr., for Respondent.

SPENCE, J.—Defendant appeals from a judgment entered in plaintiff's favor in an action to recover municipal business license taxes allegedly overpaid for the years 1951-1954, inclusive.

There is practically no dispute concerning the facts. Plain-

tiff is engaged in the business of selling cigarettes to the public by means of automatic vending machines placed in various retail establishments, such as restaurants, cafés and bars within the county of Los Angeles. Agreements for placement of the machines are ordinarily negotiated with the various retail owners at their places of business by plaintiff's sales manager or his assistant, whose offices are in the city of Los Angeles. Plaintiff services these machines at regular intervals through its "servicemen," who pick up the cigarettes from plaintiff's warehouse in the city of Los Angeles and place them in the machines, collect the money and take it to the Los Angeles office, and from there it is deposited in a Los Angeles bank. The sales manager's staff and the "servicemen" are controlled by the general manager, whose office is in Los Angeles. Many of the machines are located outside of the city limits of Los Angeles, and many are located within other cities in southern California. Many of these other cities impose certain types of taxes upon the vending machines so located, and plaintiff pays such taxes.

On February 1, 1954, plaintiff paid defendant, on demand, the sum of $187 as its business license tax for 1954, measured by receipts from those vending machines located outside the city limits of Los Angeles. On April 19, 1954, pursuant to a notice of deficiency served on plaintiff by defendant, plaintiff paid defendant the sum of $756.87, plus a penalty of $19.80, as business license taxes for the years 1951-1953, measured in the same manner. In addition to these sums, plaintiff has paid defendant taxes for the four years 1951-1954, measured by the gross receipts from machines located within the city limits of Los Angeles, which amounts are not in dispute here. Plaintiff had not applied for a hearing before the Board of Review (Los Angeles Municipal Code, § 21.16) with respect to any of the challenged assessments.

On February 25, 1955, plaintiff filed a claim for refund of the total sum of $944.87, representing the amounts paid in February and April, 1954, as taxes allegedly improperly imposed by the city. The city took no action on the claim until March 4, 1957, when defendant notified plaintiff that it had rejected it. Plaintiff commenced the present action on March 15, 1957. A trial by the court resulted in judgment for plaintiff.

The merits of the dispute concern defendant's power to measure plaintiff's business license taxes by the gross receipts from sales made from machines located beyond the city limits.

The city's position is that, although measuring a license tax by selling activities outside the city is an unreasonable discrimination and a denial of equal protection of the law (*City of Los Angeles* v. *Belridge Oil Co.*, 42 Cal.2d 823, 832 [271 P.2d 5] ; 48 Cal.2d 320, 324 [309 P.2d 417]), defendant here performed sufficient selling activities within the city in connection with the receipts in question to justify their inclusion in the measure of the tax.

In addition to its argument on the merits, defendant contends that plaintiff is barred from recovery by the statute of limitations and by plaintiff's failure to exhaust administrative remedies. Plaintiff, however, contends that defendant is estopped from interposing the statute of limitations as a defense. The trial court agreed with this latter contention as well as with plaintiff's other contentions. It found, on the basis of documentary evidence discussed below, that "the representations made by the defendant to the plaintiff prior to the date on which the Statute of Limitations would have run were relied upon by the plaintiff to their detriment and that the defendant is estopped to plead the Statute of Limitations."

The parties have agreed that the applicable period of limitations for this action is two years from the date of payment of the tax. (Code Civ. Proc., § 339, subd. 1.) ▊ However, the running of the statute is tolled during the pendency of such a claim against a municipality when the presentation of a claim is a prerequisite to court proceedings. (Code Civ. Proc., § 356; *Dillon* v. *Board of Pension Commrs.*, 18 Cal.2d 427, 430-431 [116 P.2d 37, 136 A.L.R. 800].) A claim not acted upon within 90 days is deemed rejected. (Los Angeles City Charter, § 363.) Thus the parties concede that if defendant is not estopped from relying upon the statute of limitations, the total period covered by the statute was two years and 90 days from the alleged overpayments. Accordingly, the limitation period expired on the $187 payment on May 2, 1956, and on the $776.67 payment on July 18, 1956.

Since plaintiff did not commence the present action until March 15, 1957, the action is barred unless defendant was estopped to rely upon the statute of limitations. ▊ When, as in the instant case, the facts are undisputed, the existence of an estoppel is a question of law. (*McNeil* v. *Board of Retirement*, 51 Cal.2d 278 [332 P.2d 281] ; *United States Fid. & Guar. Co.* v. *State Board of Equalization*, 47 Cal.2d 384 [303 P.2d 1034].)

The facts relied upon to create an estoppel with respect to the $187 payment are as follows: Plaintiff filed its claim with defendant stating therein that it was "based upon" the anticipated decision in the then pending case of *City of Los Angeles* v. *Belridge Oil Co.* On March 30, 1956, over 13 months after the filing of its claim, plaintiff wrote to a deputy city attorney: "Will you please advise what is holding up payment of this claim?" On April 4, 1956, a reply was written from the office of the city clerk, the ex-officio tax collector to whom plaintiff's inquiry had been referred. This letter stated: "Your claim is based upon points included in the Belridge Oil Company suit. Since final outcome of this case is still undecided, no action can be taken by this office. Upon receipt of a final decision, we will take further action in this matter. If you have any other inquiries, let us know." There was also a letter written in reply by plaintiff's attorney to the city clerk on April 26, 1956, six days before the limitations period would have run on the $187 payment. In this letter, plaintiff's attorney, after noting that the city clerk's letter had been forwarded to him by plaintiff, stated: "I assume from your letter, that upon the final outcome of the Belridge Oil Company case, you will make a decision as to our claim. I am further assuming that no claim of defense will be made by you for lack of filing suit until that time."

We are of the opinion that as a matter of law, the stated facts are insufficient to create an estoppel on the defendant city to rely on the statute of limitations. ■ There are occasions for departure from the general rule that a city may not be estopped by the conduct of its officers or employees. (*Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323].) But such departure is justified only when the facts clearly establish that a grave injustice would be done if an equitable estoppel were not applied. (*County of San Diego* v. *California Water etc. Co.*, 30 Cal.2d 817, 826 [186 P.2d 124, 175 A.L.R. 747].) We find no justification for such departure here.

■ Certain conditions are necessary as the basis for an estoppel: the party to be estopped must be apprised of the facts; the other party must be ignorant of the true state of the facts; the party to be estopped must have intended that its conduct be acted upon, or so act that the other party had a right to believe that it was so intended; and the other party must rely on the conduct to its prejudice. (*Safway Steel*

*Products, Inc.* v. *Lefever,* 117 Cal.App.2d 489, 491 [256 P. 2d 32].)

In the present case there was no showing of a state of facts known to defendant but unknown to plaintiff at the time plaintiff's attorney chose to "assume," in his letter to the city clerk, that no defense of the statute of limitations would be made, rather than to adopt the normal procedure of filing suit before the statute had run. Both parties knew the dates upon which the taxes had been paid and the date upon which the claim had been filed. Both knew that the Belridge case was still pending and that the city clerk intended to take no action on plaintiff's claim while that case was pending. Neither plaintiff, defendant nor the city clerk knew what the result in the Belridge case would be or whether the reasoning of the anticipated final decision in that case would cover the dispute in this case. It must be presumed that plaintiff's attorney knew of the charter provision that a claim was deemed rejected after 90 days, and knew that authority to approve or reject the claim was vested in the city council rather than the city clerk, who could merely make a recommendation. Thus both parties were equally knowledgeable of all the material facts and were equally without knowledge of the extent to which the anticipated decision in the Belridge case might or might not thereafter appear to control the disposition of plaintiff's claim under the particular facts of this case.

Furthermore, there is nothing to show that defendant intended that any conduct on its part be relied upon, or that plaintiff had a right to believe such was intended. The city clerk's letter was in response to an inquiry as to why the claim had not been paid, not whether plaintiff would have to file suit to protect its rights, or whether the claim was deemed rejected after 90 days. It may be conceded that the city council would have had the power to approve a claim even though the statute of limitations had become a bar to enforcing the claim in a judicial proceeding. (See *Bickerdike* v. *State,* 144 Cal. 681, 692 [78 P. 270] ; *Mitchell* v. *County Sanitation Dist.,* 150 Cal.App.2d 366, 372 [309 P.2d 930].) But the city clerk's statement that "further action" would be taken by his office after a final decision in the Belridge case reasonably meant, at most, only that he might recommend approval of the claim, and that the city council might approve the claim, as a claim, irrespective of the time that would have elapsed since the alleged overpayment of tax, if the then anticipated final decision in the Belridge case should lead them to

believe that the decision supported plaintiff's position. Plaintiff and its attorney had no right to rely on anything in the city clerk's letter as a statement that the city had waived the 90-day "deemed rejected" provision or had waived the statute of limitations as a defense to a judicial proceeding against it. ■ ''[W]here one acts with full knowledge of plain provisions of law, and their probable effect upon facts within his knowledge, especially where represented by counsel, he can neither claim (1) ignorance of the true facts or (2) reliance to his detriment upon conduct of the person claimed to be estopped, two of the essential elements of equitable estoppel.'' (*Joseph George, Distr.* v. *Department of Alcoholic Beverage Control,* 149 Cal.App.2d 702, 712-713 [308 P.2d 773].)

■ We are further of the opinion that there is nothing upon which to base an estoppel with respect to the $776.67 payment. There are additional facts relating to this payment: On May 4, 1956, two days after the statute of limitations had run on the $187 payment, the city clerk wrote plaintiff's attorney: ''Reference is made to your letter of April 26, 1956 . . . concerning . . . your assumption as to our position with respect to the Statute of Limitations. In your letter, you state that it is your assumption both that this office will make a decision upon the California Cigarette Concession Inc.'s claim for refund upon final outcome of the Belridge Oil Company case and that a defense will not be made by the City upon the lack of filing suit. *In the event of a Belridge decision adverse to the City upon points which would substantiate the corporation's claim for refund, this office would not recommend a denial of the instant claim because of the running of the Statute of Limitations,* but would recommend that the claim be settled in consistency with the decision. With respect to any other aspect of the claim, under provisions of Section 363 of the City Charter which deems a claim to have been denied when not acted upon within 90 days, *your client would be protected best by the filing of a suit against the City within the statutory period of two years and ninety days from the date of payment.*'' (Emphasis added.) This letter was written 75 days before the statute would have run on the $776.67 payment. There was also a file memorandum from the city clerk's office dated March 1, 1957, in which it was stated that plaintiff's then attorney called and inquired regarding the plaintiff's claim for refund, and that the clerk had told him that the Belridge matter had not been completed and had referred him to the letter of May 4, 1956, wherein it was

stated that his client's best protection would be to file a suit against the city.

As discussed above, the previous correspondence furnished no evidentiary basis for an estoppel. The clerk's letter to plaintiff's attorney dated May 4, 1956, reiterated the willingness of the clerk's office to recommend to the city council that the claim be paid, as a claim, if the Belridge decision should establish the illegality of the taxes in question, whether or not the statute of limitations had become a bar to a judicial proceeding. But the clerk's letter made clear the desirability of filing suit in order to prevent the running of the statute of limitations in the event the city should decide not to pay the claim. Under these circumstances, we find no basis for holding defendant estopped to plead the statute of limitations with respect to any portion of plaintiff's claim.

Since we have concluded that plaintiff's action was barred by the statute of limitations, it is unnecessary to decide whether plaintiff is barred by its alleged failure to exhaust administrative remedies, or to decide whether all, or any portion of, the receipts from machines located outside the city limits could properly have been used in computing plaintiff's business license taxes under our decision in *City of Los Angeles* v. *Belridge Oil Co., supra,* 42 Cal.2d 823; 48 Cal.2d 320.

The judgment is reversed.

Gibson, C. J., Traynor, J., Peters, J., and Tobriner, J. pro tem.,* concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Fourt in the opinion prepared by him for the District Court of Appeal (Cal.App.), 343 P.2d 130.

Schauer, J., concurred.