UNITED STATES of America, Plaintiff,

v.

CERTAIN LANDS IN the COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, et al., Defendants.

Civ. No. 1546–SD.

United States District Court
S. D. California, S. D.
Feb. 8, 1963.

Francis C. Whelan, U. S. Atty., James R. Akers, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Robert E. Reed, George C. Hadley, Paul E. Overton, Los Angeles, Cal., by Richard G. Rypinski, San Diego, Cal., for defendants.

WEINBERGER, District Judge.

In August of 1953, plaintiff filed a condemnation suit to acquire an easement for the location, construction, etc. of a fuel oil pipeline. Included in the lands affected by said easement were certain parcels belonging to the State of California (hereinafter called "defendant") designated in the said complaint as Parcels 29A and 29C. Said parcels were then, have been since, and are now used for highway purposes of said defendant.

On March 28, 1956, this case was assigned to this Department of the Court, and on December 22, 1958 the Court set the cause for pre-trial for April 6, 1959.

The State of California filed a motion requesting that the pre-trial be continued, alleging that there was then pending in the Central Division a case in which similar questions of law and fact were under determination; that if the pre-trial in the instant case were continued until after the decision in the case in the Central Division, a saving of expense to both parties would result, as they would have the benefit of a guiding precedent in the former case.

Since April of 1959 many postponements have been had, some because of the severe illness of one of counsel for the plaintiff, others for the purpose of awaiting the decision in the Central Division case. The State of California has stipulated that the running of interest as to any judgment it might obtain would be stopped beginning with the date of April 17, 1959, such interest to be waived during the period of postponement requested by the State. (The record is not quite clear as to just how long the running of interest was postponed; perhaps counsel can remove this uncertainty by stipulation at the proper time.)

Up to the present time counsel have not called to this Court's attention any decision made in the Central Division case, and the plaintiff has now moved for summary judgment, and the matter has been submitted to the Court for decision upon a stipulation of facts and exhibits admitted. Each party has lodged proposed findings, conclusions, etc. and each party urges that the stipulation of facts and exhibits justify a ruling from this Court in accordance with its contention.

From the stipulated statement of facts, and the exhibits admitted into the record in connection therewith, it appears that a letter dated May 25, 1953 (Exhibit 1) was addressed to the District Engineer of District XI, California Division of Highways at San Diego, Mr. E. E. Wallace, by Captain A. I. Flaherty, District Public Works Officer of the 11th Naval District, U. S. Navy, at San Diego; therein, Captain Flaherty stated that the Department of the Navy proposed to construct a fuel oil pipeline in San Diego County and had retained an Architect-Engineer to design the facility and plan the alignment; that representatives of the said Architect-Engineer and the District Public Works Officer had discussed the project with representatives of the California Highway Division, and that plans for the route of the pipeline as contemplated were then available; that a complaint in condemnation would be filed, but that the filing of the action would not prevent the negotiation of a settlement between the parties.

It further appears that on June 23, 1953, (Exhibit 2) District Officer Engineer R. L. Beuthel (for District Engineer E. E. Wallace) replied to the letter above mentioned, and in his communication Mr. Beuthel noted that prior to the date thereof there had been certain discussions between representatives of the California Division of Highways and of the 11th Naval District Public Works Department wherein "it was pointed out that some corrections in location of the proposed fuel line within the limits of State Highway right-of-way would reduce the possibility of future serious interference with highway uses, and at the same time would not increase the Navy's costs and undoubtedly place them in a position where disturbance due to highway construction would be less likely".

Mr. Beuthel then observed that the location of the pipeline as shown on the plans to enter the State Highway right-of-way was of vital importance to the State and stated in the letter:

"In this case we wish to recommend a change in location which we will delineate on a set of your plans within the next few days, but which will, in effect, move the fuel line closer to the north right-of-way line of the highway by the use of concentric curves instead of chorts and will minimize the effect of the subsurface encroachment insofar as highway construction and maintenance are concerned. It will also have the advantage of being less likely to suffer damage from any operations which might be carried on below the surface of the highway.

"The difference in length between the length shown on the plans and that recommended by the State is so slight that it would undoubtedly be considered inconsequential."

In addition, Mr. Beuthel observed:

"It may be commented further that while the portion of Mission Valley Road and Rosecrans Street between Lytton Street and Pacific Highway is now a four lane divided roadway, the heavy increases in traffic volumes on all the major roads in this area indicate the good probability of widening this roadway to six lanes. In this event it would be highly undesirable to have any portion of the fuel line under the widened pavement and shoulders."

It appears from the stipulation of facts that pursuant to the recommendation of the California Division of Highways the plaintiff changed its plans and amended its description in the complaint in condemnation of the property of the State to be taken, so as to realign the proposed pipeline as it traversed the portions of the State's lands designated by Parcels Nos. 29A and 29C; that the pipeline was constructed according to such realignment, was completed, and the surface of such easement right-of-way restored to the condition it was in at date of taking by plaintiff.

Paragraphs 10 and 11 of the stipulation read as follows:

"10. Thereafter the defendant, State of California, redesigned, and now proposes to construct as redesigned, the freeway highway project which was the subject of consideration by the parties hereto as evidenced by the exhibits hereinabove identified, namely, 'Exhibits 1 to 5', inclusive, said proposed reconstruction including designs for highway facilities on Parcels 29A and 29C, which designs were instituted and completed subsequent to the date of approval of the construction program established by plaintiff for the pipeline project hereinabove described.

"11. Said freeway highway project of defendant is, although so altered as to design subsequent to June 23, 1953, the same freeway highway project which on date of taking was contemplated by defendant to be built on Parcels 29A and 29C."

The stipulation of facts discloses that the parties also agree upon the following:

"9. It was reasonably foreseeable on August 28, 1953, that the existing highway occupied by Parcels 29A and 29C would be improved to full freeway standards and widened at a future date by reason of expected increases in traffic volumes and the Division of Highways would contend that it would be unsatisfactory to have any portion of the fuel line under the traveled lanes of the widened highway."

Paragraph 14 of the stipulation reads:

"Defendant contends that the measure of damages is the cost of acquiring additional right-of-way to provide for a substitute facility unencumbered by plaintiff's longitudinal crossing. Plaintiff contends the damages to be one dollar."

The defendant has proposed that the Court make a finding as follows:

"From the stipulated facts above found, it follows, as a proposition of law, that plaintiff has not provided defendant State of California with a substitute facility. In the 'before' condition, said defendant controlled a highway facility capable of being widened as was foreseen without the presence of the admittedly undesirable longitudinal fuel line easement within the widened pavement and shoulders. In the 'after' condition, said defendant owns a highway incapable of being widened so as to eliminate said undesirable longitudinal encroachment without incurring the increased cost of acquiring additional right-of-way."

It appears that the plaintiff by its motion urges, (1), that the State of California accepted the establishment of the relocated easement as compensation for the taking of its lands by the plaintiff; (2), that the State of California, by accepting the relocation waived its right to damages for the taking, and (3), that the State of California, by suggesting a relocation and accepting such relocation is estopped to contend that it is damaged by such relocation.

It is true that the doctrine of estoppel will be applied against a governmental agency where justice and right require it. (Calif. Cigarette Concessions, Inc. v. City of Los Angeles, 53 Cal.2d 865, 3 Cal.Rptr. 675, 350 P.2d 715; Market St. Ry. Co. v. California State Bd. of Equalization, 137 Cal.App.2d 87, 290 P.2d 20; Lorenson v. City of Los Angeles, 41 Cal.2d 334, 260 P.2d 49, 53; Farrell v. Placer County, 23 Cal.2d 624, 145 P.2d 570, 572, 153 A.L.R. 323; La Societe Francaise De Bienfaisance Mutuelle v. California Employment Com'r, 56 Cal.App.2d 534, 133 P.2d 47, 58; California State Board of Equalization v. Coast Radio Prod., 9 Cir., 228 F.2d 520, 525). It is also true that the authority of the agent alleged to have created the estoppel must appear. (United States v. Hoffart, 8 Cir., 256 F.2d 186; Sanders v. C. I. R., 10 Cir., 225 F.2d 629, cert. den. 350 U.S. 967, 76 S.Ct. 435, 100 L.Ed. 839; United States v. State of Wash., 9 Cir., 233 F.2d 811; People v. Harter Packing Co., 160 Cal.App.2d 464, 325 P.2d 519; California Horse Racing Bd. v. Los Angeles Turf Club, 111 Cal.App. 2d 933, 245 P.2d 327.) It is not necessary that the Court consider the authority of the agent unless it appears his acts were sufficient, if authorized, to create an estoppel.

The burden of proving waiver or estoppel is upon the party asserting it. (Atha v. Bockius, 39 Cal.2d 635, 248 P.2d 745; First Nat. Bank of Fleming, Colo v. Petzoldt, 10 Cir., 262 F.2d 540; Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 9 Cir., 249 F.2d 277, cert. den. 356 U.S. 932, 78 S.Ct. 775, 2 L.Ed.2d 763; Freedman v. Concordia Star, 2 Cir., 250 F.2d 867; Girard v. Gill, 4 Cir., 261 F.2d 695; Crosley Corp. v. U. S., 6 Cir., 229 F.2d 376).

Circuit Judge Barnes, in Matsuo Yoshida v. Liberty Mutual Insurance Co., 240 F.2d 824, 829 (9 Cir., 1957) pointed

out the distinction between waiver and estoppel:

"Waiver and estoppel are legal terms which are frequently used interchangeably. Although the legal consequences of each are often the same, the requisite elements are different. Waiver refers to the voluntary or intentional relinquishment of a known right. It emphasizes the mental attitude of the actor. On the other hand, estoppel is any conduct, express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. It is grounded not on subjective intent but rather on the objective impression created by the actor's conduct. It is in the area of implied waiver that the two doctrines are closely akin."

Circuit Judge Stephens, in California State Board of Equalization v. Coast Radio Products, 228 F.2d 520, 525, (9 Cir., 1955) stated the elements of estoppel as follows:

" * * * The cited cases make it clear that each case wherein an estoppel is sought to be set up against the government must be decided on its facts. An estoppel arises where one party by concealment or false representation intentionally deceives another party as to the true state of facts to the detriment of the second party. Four elements are necessary: '(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.' "

As shown by the stipulation of facts, agents of *both* parties could at all times relevant, foresee that the existing highway occupied by Parcels 29A and 29C would be improved to full freeway standards and widened at a future date by reason of expected increases in traffic volumes and that the Division of Highways of California would contend that it would be unsatisfactory to have any portion of the fuel line under the traveled lanes of the widened highway; therefore, not only the "party to be estopped" but the party seeking estoppel, was in possession of the facts.

█ It is evident from the correspondence between the agents of the parties that there was no intention on the part of any agent of any party that any conduct of the agents of the California Division of Highways should be taken as a waiver of damages; nor did any agent of the plaintiff have any right to so believe. The correspondence indicates clearly that the relocation of the easement over the property of the State was suggested by its Division of Highways to *reduce* the possibility of interference by the fuel line with the State's highway construction, and to *minimize* the effect of the sub-surface encroachment.

Further, we are unable to ascertain just how the plaintiff relied upon any conduct of the State's Division of Highways to its injury. The correspondence indicates that the relocation proposed by the State was not more costly to the plaintiff than it would have been with the original location.

Finally, the correspondence mentions that the filing of a condemnation suit would not preclude negotiations for settlement. If the parties had intended the relocation to obviate damages for taking, there would not have been any need to include the State of California as a defendant, and there would not have been any need to negotiate for a settlement of the condemnation suit when filed.

It is our view that the State of California is not estopped to claim damages for the taking of its property as described in the complaint, designated as Parcels 29A and 29C.

We find there is a genuine issue of fact remaining in this case, to-wit, the amount

of damages to which the defendant State of California is entitled by virtue of the taking herein.

The stipulation of facts contains certain matters referring to the measure of damages, and counsel for defendant has suggested that the Court make a finding fixing the measure of damages. On a motion for summary judgment, the Court is called upon to decide only whether a genuine issue of fact is presented to be adjudicated; it is not obligated, as a part of its decision on such a motion, to pass upon such issue, nor to set up the procedure by which, or the evidence upon which, it will make its decision as to such issue. Such matters are properly the subject of pre-trial and trial. Accordingly, the Court will adopt from the stipulation of facts only those pertinent to this motion for summary judgment.