ORDER GRANTING MOTION TO DISMISS
JEFFREY S. WHITE, United States District Judge *1064 Now before the Court is the motion to dismiss filed by Defendant AXA Equitable Life Insurance Company ("Equitable"). Having carefully reviewed the parties papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Equitable's motion to dismiss.
BACKGROUND
On January 30, 2017, David Finkelstein ("Plaintiff") filed a complaint alleging claims for breach of contract and breach of the covenant of good faith and fair dealing against Equitable, his insurance company. Equitable moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).
Plaintiff, an obstetrician-gynecologist, purchased four Equitable disability income policies between the years of 1982 and 1989. In or around 1995, Plaintiff began to experience severe right wrist pain, hand pain, and weakness, which affected his ability to perform his job. (See Compl. ¶ 16.) In or around 1998, Plaintiff was diagnosed with carpometacarpal joint subluxation and osteoarthritis. Shortly thereafter, Plaintiff submitted a claim for disability income benefits to Equitable. After reviewing Plaintiff's claim, Equitable classified Plaintiff with a residual disability. (See Compl. ¶ 20.) Per Equitable's policies, Plaintiff would be entitled to residual disability benefits until the age of 65, unless Plaintiff became eligible for lifetime benefits by being classified as totally disabled prior to the age of 50. In 2004, Equitable classified Plaintiff with a total disability after he turned 50. In 2009, Plaintiff asked Equitable to reclassify him as being totally disabled from 1998 onward. By letter dated December 15, 2009 ("2009 Letter"), Equitable rejected Plaintiff's request and found no basis for changing its prior determination. (See id. ¶ 20; Declaration of Robert F. Mills, Jr. ("Mills Decl.") Ex. A, Dkt. No. 3.) ("Based upon the information in our file, we believe that the evaluation of your claim has been appropriate and that you were entitled to Residual Disability benefits, but not Total Disability benefits, prior to when you stopped working in September 2004. Therefore, we see no basis for changing our determination.").
On June 21, 2017, the Court DENIED Plaintiff's motion to remand because Equitable met its burden of proof and demonstrated that Plaintiff could not prevail on his claims of negligence and negligent misrepresentation against Richard J. Boyer, the insurance agent who sold Plaintiff his disability policies. The Court found that Plaintiff's claims were barred by the statute of limitations because Plaintiff was harmed in the form of lost waiver of premium ("WOP") and cost of living adjustment ("COLA") benefits during the time he was classified as residually disabled from 1998 to 2004. In addition, the Court found that Plaintiff failed to state a claim because Boyer's statements were inactionable puffery and he accurately expressed the policy's terms and extent of coverage.
The Court shall address additional relevant facts in the remainder of its order.
ANALYSIS
A. Legal Standard for Motion to Dismiss.
A motion to dismiss is proper under *1065 Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. Sanders v. Kennedy , 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing Papasan v. Allain , 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ).
Pursuant to Twombly , a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly , 550 U.S. at 556, 127 S.Ct. 1955.) "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully .... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly , 550 U.S. at 557, 127 S.Ct. 1955 ) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. See, e.g., Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ; Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc. , 911 F.2d 242, 246-47 (9th Cir. 1990). As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion." Branch v. Tunnell , 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds , Galbraith v. County of Santa Clara , 307 F.3d 1119 (9th Cir. 2002) (citation omitted).
B. Motion to Dismiss.
Equitable moves to dismiss the Complaint on the basis that the claims are barred by the applicable statute of limitations. The statute of limitations for a cause of action for breach of contract is four years. Cal. Code Civ. Proc. § 337(1). The statute of limitations for breach of the implied covenant of good faith and fair dealing is two years. Cal. Code Civ. Proc. § 339(1). In the insurance context, a contract claim accrues when an insurer clearly repudiates the insured's claim. See Martin v. Construction Laborer's Pension Trust, 947 F.2d 1381, 1384 (9th Cir. 1991) ("A suit to enforce rights under a pension plan accrues, and the statute of limitations begins to run, when there has been a clear and continuing repudiation of rights under the pension plan which is made known to the beneficiary.").
1. Incorporation by Reference.
Equitable contends that its disability policy and the letter rejecting Plaintiff's claim for reclassification are incorporated into the pleadings by reference. As a result, Equitable contends that Plaintiff is barred by the statute of limitations because the contents of the documents demonstrate that the statute of limitations began to run in 2009. Having filed the suit in March 2017, Plaintiff's claims would be barred as a matter of law. Plaintiff, however, argues that these documents cannot be considered at the motion to dismiss stage and are not incorporated by reference into *1066 his complaint because they are not central to Plaintiff's claims and are not referred to extensively in the complaint.
Under the incorporation by reference doctrine, courts are permitted to look beyond the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment. See Davis v. HSBC Bank , 691 F.3d 1152, 1160-61 (9th Cir. 2012). Courts may take into account documents that are not physically attached to the complaint if the contents of the document are referred to in the complaint and the authenticity of the documents is not questioned. Id. at 1160. ("A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). The purpose of the incorporation by reference doctrine is to prevent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting documents in their complaint. See Fraley v. Facebook , 830 F.Supp.2d 785, 795 (N.D. Cal. 2011) ("The purpose of this rule is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based. The court may take judicial notice of matters that are ... (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned.").
Plaintiff here made reference to four different disability income policies in his complaint: (1) Policy No. 828709341; (2) Policy No. 85706619; (3) Policy No. 86704400; and (4) Policy No. 89715628. (See Compl. ¶ 7.) Equitable contends that Plaintiff did suffer harm in the form of lost COLA and WOP benefits, which would each trigger the accrual of the statute of limitations on Plaintiff's claims. The COLA and WOP benefits were delineated in the disability policies. Plaintiff, however, disputes Equitable's citation and interpretation of the policy documents in the motion to dismiss. Plaintiff argues that he did not allege in the complaint that he was deprived of COLA benefits prior to June 2016; therefore, this information cannot trigger the accrual of his claims. See HSBC Bank , 691 F.3d at 1160. The Court, however, may take into account documents that are not physically attached to the complaint if the contents of the document are alleged in the complaint and the authenticity of the documents is not questioned. See Fraley , 830 F.Supp.2d at 795. Here, Plaintiff has referenced all of the relevant disability income policies in his complaint and has not challenged their authenticity. For these reasons, the disability income policies can be incorporated by reference into the complaint and the Court may review them.
Plaintiff also quotes from correspondence from Equitable in the complaint, which provided the definition of residual disability under Equitable's primary and additional policies. (See Compl. ¶ 20.) Yet, Plaintiff challenges Equitable's reliance on the 2009 Letter denying his request for reclassification because Plaintiff did not specifically cite the letter in his complaint. By comparing the definitions of residual disability in the complaint against those in the 2009 Letter, the Court finds that Plaintiff has sufficiently alleged the contents of the letter as the quoted language is identical to the language in the 2009 Letter. Moreover, contrary to Plaintiff's claims, this letter was indeed authenticated by both parties. (Mills Decl., Ex. A.) Accordingly, the Court finds the 2009 Letter to be incorporated by reference into the complaint.
The contents of the documents demonstrate that the statute of limitations began to run on Plaintiff's claims, at the latest, in 2009 because Plaintiff's request for reclassification was denied and he was subsequently harmed in the form of lost WOP
*1067 and COLA benefits. On this basis, the Court GRANTS Equitable's motion to dismiss.
2. Statute of Limitations.
Equitable contends that the 2009 Letter triggered the statute of limitations to run on Plaintiff's claims. Plaintiff, however, argues that his claims did not accrue until the "clear and continuing" repudiation of his monthly benefits in 2016 when he turned 65. Plaintiff also states that the 2009 Letter permitted him to provide further information in the event additional information would alter the insurance's company disability determination decision. On this basis, Plaintiff argues there had not been an unequivocal determination of Plaintiff's disability classification.
In Flynn , the court found that the statute of limitations began to accrue when plaintiff's right to accidental benefits was denied and not when the insurer stopped making monthly disability benefits. See Flynn v. Paul Revere Ins. Group, 2 Fed.Appx. 885, 886 (9th Cir. 2001) (finding that insured's claims were barred by the statute of limitations because the claims started to accrue when the insurance company denied the insured his right to accidental benefits and not when the insurance company stopped making monthly disability payments). Additionally, the majority of binding decisions have found that a statement of willingness to reconsider and request for reconsideration will not render a denial equivocal. See Migliore v. Mid-Century Ins. Co. , 97 Cal. App. 4th 592, 605, 118 Cal.Rptr.2d 548 (2002) ("Neither the fact that respondent invited further input from appellant or that she obtained a supplemental report is conclusive of the determination whether the letter may be determined an unequivocal denial."); Singh v. Allstate Ins. Co. , 63 Cal. App. 4th 135, 145, 73 Cal.Rptr.2d 546 (1998) ("Beginning a new period of equitable tolling based merely on a request of reconsideration would be anomalous. By the simple expedient of making many requests for reconsideration, claimants could extend the one-year statute at will with successive periods of tolling."); Wagner v. Director, Federal Emergency Management Agency, 847 F.2d 515, 521 (9th Cir. 1988) ("Holding that [the insurer] may inadvertently extend the limitations period by answering claimants' inquiries or by considering new information 'would contravene a strong public policy to encourage an insurance company to reconsider its original denial when confronted with potentially new facts.' ") (citing Falk v. Federal Ins. Admin., 1981 U.S. Dist. LEXIS 10168, * at 4 (N.D. Cal. 1981)); Alberts v. Liberty Life Assur. Co., 2014 WL 2465121, at *3, 2014 U.S. Dist. LEXIS 75350, at *8 (N.D. Cal. 2014) ("Consistent with Migliore , Liberty's stated willingness to reconsider its decision, and its advisement of various means by which Alberts might seek review of its decision, did not render its February 9, 2012 letter equivocal.").
Here, the Court finds the statute of limitations began to accrue when Equitable denied Plaintiff's request for reclassification and not when the insurance company ceased making payments to Plaintiff. Although Equitable's 2009 Letter also included a statement of willingness to consider additional information in support of a total disability claim beginning in 1998, Equitable expressed a "clear and continuing" repudiation of Plaintiff's claim. (See Mills Decl., Ex. A, Dkt. No. 3) ("Based upon the information in our file, we believe that the evaluation of your claim has been appropriate and that you were entitled to Residual Disability benefits, but not Total Disability benefits, prior to when you stopped working in September 2004. Therefore, we see no basis for changing our determination."). Equitable's statement of willingness to consider additional *1068 information does not render its denial equivocal.
Accordingly, the Court finds that the statute of limitations began to run, at the latest, when Plaintiff learned that he was not reclassified as totally disabled in 2009. Plaintiff, however, filed this suit in 2017 and is therefore barred as a matter of law by the applicable statute of limitations. On this basis, the Court GRANTS Equitable's motion to dismiss.
Next, Plaintiff argues that California Regulations preclude Equitable from asserting a statute of limitations defense because Plaintiff was never advised of the statute of the limitations. See 10 Cal. Code. Reg. § 2695.7. Equitable, however, contends that this section is inapplicable because it relates to time limitations for the denial of a claim and not the defense of a lawsuit. The Court finds that Section 2695.7(f) requires insurers to provide written notice to the insured of any time period requirement for denying a claim and not defending a lawsuit. See 10 Cal. Code. Reg. § 2695.7 ("Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim."); see also Monaco v. Liberty Life Assur. Co., 2008 WL 1766768, at *2, 2008 U.S. Dist. LEXIS 30934, at *9 (N.D. Cal. 2008) (" Section 2695.7(f) requires insurers to provide written notice to unrepresented claimants of any statute of limitations or other time period requirement on which the insurer may rely to deny an insurance claim - not to defeat a subsequent lawsuit arising from the denial of the claim."). The Court finds that the Equitable's conduct did not constitute as a waiver.
Finally, Plaintiff argues that Equitable is estopped from asserting a statute of limitations defense because the company has a history of inconsistent communications with Plaintiff. Equitable, however, contends that there was no action or representation by Equitable that misled Plaintiff. In order to make out a claim for estoppel, a party has to show:
(1) the party to be estopped must have been appraised of the facts; (2) the other party must have been ignorant of the true facts; (3) the party to be estopped must have intended that its conduct have been acted upon, or so acted that the other party had a right to believe that it was so intended; and (4) the other party must have relied on the conduct to its prejudice.
Cal. Cigarette Concessions v. City of L.A., 53 Cal. 2d 865, 869, 3 Cal.Rptr. 675, 350 P.2d 715 (1960). Here, Plaintiff does not contest that he received the 2009 Letter that denied his request for reclassification. As a result, Plaintiff was aware of his residual disability classification. Moreover, Plaintiff does not proffer any conflicting information provided by Equitable, after the 2009 Letter, which would form the basis for a reasonable belief that the company had changed Plaintiffs classification. Plaintiff was not "ignorant of the true facts" and does not meet the standard for an estoppel claim.
Accordingly, the Court finds that there was no waiver or estoppel. On this basis, the Court GRANTS Equitable's motion to dismiss.
CONCLUSION
For the foregoing reasons, the Court GRANTS Equitable's motion to dismiss. Leave to amend would be futile because Plaintiff's claims are barred by the statute of limitations. See, e.g., *1069 Reddy, 912 F.2d at 296. A separate judgment shall issue, and the Clerk shall close the file.
IT IS SO ORDERED .