[L. A. No. 28178. In Bank. July 20, 1966.]

CARNATION COMPANY, Plaintiff and Respondent, v. CITY OF LOS ANGELES, Defendant and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and James A. Doherty, Assistant City Attorneys, and Robert C. Summers, Deputy City Attorney for Defendant and Appellant.

John H. Maynard, William H. Birnie and Jule N. Kvamme for Plaintiff and Respondent.

Lawler, Felix & Hall, Aloysius F. Power, Donald K. Barnes, John G. Wigmore, McCutchen, Black, Verleger & Shea and G. William Shea as Amici Curiae on behalf of Plaintiff and Respondent.

PEEK, J.— The tax in question is levied pursuant to the provisions of the Los Angeles Municipal Code. Section 21.03 imposes a ''business tax'' on any person engaged in a business as defined in particular following sections, including sections 21.166 (wholesale sales) and 21.167 (retail sales). The pertinent portions of those sections provide that ''every person *manufacturing and selling* any goods, wares or merchandise . . . , or *selling* any goods, wares or merchandise . . .'' shall be subject to the levy of the tax at specified rates. (Italics added.) Pursuant to authority granted by section 21.15, subdivision (h) of the code, the city clerk has issued ruling No. 14, duly augmenting and interpreting sections 21.166 and 21.167. That ruling provides in Part I: ''1. (a) Whenever a person is engaged within the City of Los Angeles in a business subject to a tax under Sections 21.166, 21.167 . . . only those gross receipts which are directly attributable to the business engaged in within the City of Los Angeles shall be included in the measure of the tax. . . . (c) If the person engaged in such business owns, leases, occupies or otherwise maintains within the City a place or premises upon which or from which he engages in such business, all receipts resulting from sales of goods, wares, or merchandise which are in any manner attributable to business functions carried on, at, or from that place of business, and which goods, wares or merchandise are . . . shipped . . . from a place within the City to a place outside the City but within the State of Cali-

fornia, shall be considered directly attributable to the business engaged in within the City.''

It is agreed that administrative and manufacturing, processing or handling facilities for all products here involved are located in Los Angeles on premises owned by Carnation, and sales of products at wholesale and retail are made both within and without the city limits. Pursuant to the foregoing code provisions the city imposed its business tax on Carnation based on its gross receipts from the sale of such products without regard to the place of sale if within the State of California. In dispute is the propriety of that portion of the tax based on receipts from sales beyond the city limits.

■ Preliminarily we note that it is constitutional for a city to tax the privilege of manufacturing, processing or handling goods within its boundaries, and to determine the amount of the tax on the gross receipts from sales of the goods, regardless of whether the sales are made within or without the boundaries. (*American Mfg. Co.* v. *St. Louis,* 250 U.S. 459 [39 S.Ct. 522, 63 L.Ed. 1084].) The sole question would then appear to be whether Los Angeles has duly levied such a tax. Although it fairly appears on the face of the foregoing provisions that sales external to Los Angeles are intended to be attributable to business done within the city and thus taxable in the instant circumstances, it is nevertheless claimed by Carnation that this court, in two decisions construing the pertinent provisions, has foreclosed that result. (*City of Los Angeles* v. *Belridge Oil Co.* (1957) 48 Cal.2d 320 [309 P.2d 417]; *City of Los Angeles* v. *Belridge Oil Co.* (1954) 42 Cal.2d 823 [271 P.2d 5].) The determinative question thus presented is the applicability of the *Belridge* cases (which we shall hereafter refer to collectively as *Belridge*) in the instant circumstances.

*Belridge* is factually distinguishable from the instant case. There the taxpayer did no manufacturing in Los Angeles, and none of its goods ever entered Los Angeles before they were sold there. In the first case it was held that section 21.66 of the Los Angeles Municipal Code could and did impose a tax on goods sold in Los Angeles, although manufactured and delivered elsewhere. The second case merely affirmed the first. Because *Belridge* involved goods which were only sold in Los Angeles as distinguished from goods manufactured and sold there, the issues concerned only those portions of sections 21.166 and 21.167 dealing with persons ''selling any goods, wares or merchandise,'' and not persons ''manufacturing and selling any goods, wares and merchandise.''

Carnation relies on language in *Belridge* which, it claims, holds the pertinent taxing provisions to be applicable only to the *sale* of goods, wares and merchandise. It relies particularly on the following language of the court appearing at page 828 : "Keeping in mind the broad scope and purpose of section 21.166 it becomes apparent that it was intended to cover all businesses engaged in manufacturing and selling at wholesale in the city and also those businesses which merely engaged in selling at wholesale in the city. Thus all businesses which are engaged in selling goods, wares or merchandise at wholesale in the city of Los Angeles and which are not licensed by other sections of the ordinance come within section 21.166. This is true regardless of whether they are engaged in 'manufacturing and selling' or merely 'selling.' The important thing is that they are engaged in selling within the city of Los Angeles." Statements to a similar effect, two of which follow, were made by the court in other instances : "The main concern would appear to be whether or not the company was engaged in the selling of goods" (p. 829) ; "The business license tax in question here, is based on the fact that the selling activity is carried on within the city and it is immaterial where the products are produced or delivered" (p. 830).

Based on the foregoing and other excerpts, Carnation claims that *Belridge* stands for the proposition that the only activity which is taxable is the selling of goods, wares or merchandise. Since *Belridge* may be relied upon for the further proposition that only those sales made within the taxing jurisdiction can be reached by a tax on sales, Carnation now reasons that, by construction of its code provisions, Los Angeles is confined to taxing only sales of goods, wares or merchandise, and only those sales made within its boundaries.

We do not understand *Belridge* to stand for the proposition, as urged. It is recognized in the very language relied upon by Carnation hereinbefore quoted that the code provisions were intended to cover businesses engaged "in manufacturing and selling" and "also" businesses "which merely engaged in selling." ▮▮▮ Moreover, the tax is not levied on selling, as in the case of a sales tax, but rather on the privilege of engaging in a business, with the measure of the tax based on gross sales. (*City of Los Angeles* v. *Belridge Oil Co., supra,* 42 Cal.2d 823, 831.) More significantly, it must be remembered that *Belridge* dealt with a business whose *sole* activity in Los Angeles was selling, and that the language in both opinions is addressed only to that factual context. As sales in those cases

were the sole incidents which gave Los Angeles jurisdiction to tax the business activities there involved, the city was bound to measure its tax on only those sales made within its jurisdiction, for constitutional reasons. (*City of Los Angeles* v. *Belridge Oil Co., supra,* 823, 831-832.)

In the instant case, however, the incident of the tax which necessarily must have some minimum contact with Los Angeles is "manufacturing and selling," and the record reveals that all the products subjected to the measure of the tax, whether sold within or without Los Angeles, fall within that language as interpreted by ruling No. 14. No question of a constitutional limitation is posed, as in *Belridge,* because manufacturing, if not selling, provides the required "definite link" or "minimum connection" with the city. (*Miller Bros. Co.* v. *Maryland,* 347 U.S. 340, 345 [74 S.Ct. 535, 98 L.Ed. 744] ; see *General Motors Corp.* v. *Washington* (1964) 377 U.S. 436 [84 S.Ct. 1564, 12 L.Ed.2d 430] ; *American Mfg. Co.* v. *St. Louis, supra,* 250 U.S. 459.) The tax is thus properly measured on the sale of those manufactured products wherever the sale occurs within the State of California.

Further arguments as to the propriety of the tax as being one which imposes the possibility of multiple taxation raise no issues which go to validity of the instant tax (*Fox etc. Corp.* v. *City of Bakersfield,* 36 Cal.2d 136, 139 [222 P.2d 879]), and would be more appropriately addressed to the proper legislative body.

*Belridge* was never intended to be, and should not be read as applicable to a fact situation differing in any material respect from that then before the court. Not only is it apparent that the circumstances in the present case are materially different, but it also appears that the applicable legislative provisions have been changed. Section 21.03, which makes it clear if it were not clear before that the tax is one on Carnation's business activity rather than on its sales, was added to the code in lieu of former section 21.49 after the decision in the first *Belridge* case. The city clerk's ruling No. 14, which in subdivision (c) defines the scope of the tax applicable to "manufacturing and selling" where the goods originate in the taxing jurisdiction, was issued after the decision in the second *Belridge* case. Accordingly, Carnation cannot be heard to argue that the scope of the tax as applied in *Belridge* remains applicable in the face of such changes.

For the foregoing reasons the tax in question was properly levied on Carnation's business as measured on sales outside as

well as within the City of Los Angeles. Accordingly, the judgment is reversed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Herndon in the opinion prepared by him for the District Court of Appeal in *Carnation Co.* v. *City of Los Angeles* (Cal.App.) 48 Cal.Rptr. 400.

Respondent's petition for a rehearing was denied August 17, 1966. McComb, J., was of the opinion that the petition should be granted.